MARIE J. ATKINSON, Respondent, *v.* ABRAHAM ABRAHAM and Others, Appellants.

*The year within which an order taken by mistake, etc., may be set aside is doubled where notice of its entry is given by mail.*

The time specified in section 724 of the Code of Civil Procedure, which authorizes the court to relieve a party from a judgment, order or other proceeding taken against him through his "mistake, inadvertence, surprise or excusable neglect," "at any time within one year after notice" of the judgment or order sought to be set aside, is doubled by section 798 of the Code of Civil Procedure, where notice of the entry of the judgment or order sought to be set aside was served upon the party's attorney by mail.

APPEAL by the defendants, Abraham Abraham and others, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 21st day of April, 1902, vacating an order entered in said clerk's office on the 7th day of December, 1900, dismissing the complaint in the above-entitled action for a failure to prosecute, and also vacating the judgment entered upon such order.

*E. Clyde Sherwood* [*Frank V. Johnson* with him on the brief], for the appellants.

*Thomas F. Magner,* for the respondent.

WILLARD BARTLETT, J.:

This action was commenced in June, 1898, and issue was joined by the service of an answer in July of the same year. In December, 1900, upon a motion of the defendants, an order was made at Special Term dismissing the complaint because of the unreasonable neglect of the plaintiff to prosecute the action. This order directed that the complaint be dismissed and that the defendants have judgment against the plaintiff for their costs and disbursements, and judgment was entered accordingly on December 13, 1900. Upon the following day the judgment, with notice of its entry, was served upon the plaintiff's attorney by mail. In April, 1902, plaintiff moved to vacate the order for judgment and the judgment itself, and the motion was granted upon condition that the plaintiff pay to

the defendants or their attorney all of the defendants' costs, together with ten dollars costs of motion. From this order the present appeal is taken.

The affidavit of the plaintiff shows that, after beginning the action through her attorney, who at that time had an office in the city of New York, the plaintiff received no information from him and had no knowledge as to what had been done in the cause until after the complaint had been dismissed for lack of prosecution. She then ascertained that her attorney had left the State without any intention of returning. Notice of the motion to dismiss for failure to prosecute was served upon the plaintiff's attorney by mail, but he did not appear to oppose the motion, and it was granted by default. It is evident that this default was suffered wholly through the omission of her attorney properly to represent the plaintiff, and, under the circumstances, we think the court exercised a wise discretion in relieving her from the consequences of the default upon the terms which have been stated, namely, the payment of all the costs of the action and ten dollars costs of motion.

Section 724 of the Code of Civil Procedure, which authorizes the court to relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect, requires that such power should be exercised " at any time within one year after notice " of the judgment or order sought to be set aside ; and it is suggested that the plaintiff's motion, which resulted in the order appealed from, was too late, under this section, inasmuch as it was made more than one year after the order and judgment dismissing the complaint for want of prosecution. It is a sufficient answer to this point that notice of the entry of the judgment was served upon the plaintiff's attorney not personally but by mail; and that under these circumstances the plaintiff was allowed double time within which to move for relief, so that she had two years instead of one within which to make her application. (Code Civ. Proc. § 798.)

The order appealed from should be affirmed.

GOODRICH, P. J., WOODWARD and HIRSCHBERG, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.