### (March 17, 1954.)

■

HELEN TOMCZAK, Appellant, v. JOSEPH ROETZER, Respondent. JOSEPH TOMCZAK, Appellant, v. JOSEPH ROETZER, Respondent.—Order affirmed, without costs of this appeal to any party, with leave to plaintiffs-appellants to renew on proper papers, if so advised. Memorandum: We do not agree with the Special Term that the Supreme Court is without jurisdiction to entertain appellants' motion to set aside the order of March 5, 1952, dismissing the complaints for failure to prosecute. The inherent power of the Supreme Court to set aside or vacate judgments in furtherance of the ends of justice is unquestioned and

exists independently of section 108 of the Civil Practice Act. (*Hatch* v. *Central Nat. Bank,* 78 N. Y. 487; *Vanderbilt* v. *Schreyer,* 81 N. Y. 646; *Ladd* v. *Stevenson,* 112 N. Y. 325.) Nevertheless, we think the order denying the motion must be affirmed because of the failure to set forth facts showing meritorious causes of action as well as the nature and extent of the injuries. (*Gritz* v. *Gavigan,* 69 N. Y. S. 2d 18; *Gabrielsen* v. *Brookhattan Trucking Co.,* 250 App. Div. 861.) The appellants were also required to show a satisfactory explanation or excuse for the inordinate delay in bringing the causes on for trial (Rules Civ. Prac., rule 156; *Fischer* v. *Tushnett,* 256 App. Div. 833), but in this respect we find the moving papers sufficient in view of the allegations that the delay was due to the neglect and misrepresentations of appellants' former attorney. It has long been settled in this State that the Supreme Court has power to relieve a party to a pending action from a judgment or order obtained against him by reason of the neglect, ignorance or fraud of his attorney. (*Sharp* v. *Mayor of City of N. Y.,* 31 Barb. 578; *Gedney* v. *Diorio,* 190 App. Div. 85; *Gideon* v. *Dwyer,* 17 Misc. 233, affd. 7 App. Div. 608; *Atkinson* v. *Abraham,* 78 App. Div. 498; *Michel* v. *City of Troy,* 279 App. Div. 837.) In view of the extraordinary facts disclosed by this record, we think appellants should not be foreclosed from again presenting their application upon proper papers. All concur. (Appeal from an order confirming the report of Official Referee, and denying plaintiffs' motion to set aside the judgment dismissing plaintiffs' complaints in two actions and to restore the actions to the trial calendar.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.