■ Vivian R. Jackson et al., Appellants, v Jeffrey B. Pelletier, Defendant, and J. Fechner-Pelletier, Respondent. —Order, Supreme Court, Westchester County (Aldo A. Nastasi, J.), entered December 7, 1988, which granted defendant J. Fechner-Pelletier's motion to vacate her default in answering the complaint, is unanimously affirmed, without costs.

This action arose out of an automobile accident on the Taconic State Parkway on December 16, 1986. A lawsuit was commenced and Jeffrey B. Pelletier and J. Fechner-Pelletier were both named defendants in the complaint. J. Fechner-Pelletier never interposed an answer due to incorrect ownership information contained in the police report and MV-104 report to the Department of Motor Vehicles. This information

indicated that the vehicle in question was owned solely by Jeffrey B. Pelletier. However, the vehicle was in fact jointly owned by both Jeffrey and J. Fechner-Pelletier. The information contained in the reports was relied upon by the attorney representing defendants in the action. Due to this reliance, an answer was never interposed on J. Fechner-Pelletier's behalf, resulting in the default.

While plaintiffs assert that such default was knowing and willful, the record supports a conclusion that such failure to appear and answer is attributable solely to the law office failure of defendant's attorney. Under CPLR 5015 and 2005, it is within the broad discretion of the court to vacate a default on motion if such default was the result of excusable default. Included in the definition of excusable default is law office failure.

We further find that defendants have demonstrated a meritorious defense to this action and plaintiff has suffered no prejudice.

Finally, we find no abuse of discretion on the part of the trial court in granting defendant's motion to vacate the default judgment. Concur—Murphy, P. J., Rosenberger, Kassal and Smith, JJ.