■ MICHAEL Z. MATTHEW, Respondent, v H&R EXECUTIVE TOWERS et al., Appellants, et al., Defendant. [664 NYS2d 53] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered on or about December 27, 1996, which, in an action by a tenant against his landlord for an injunction compelling the landlord to make repairs to the tenant's apartment and for property damages to personalty in the apartment, denied the landlord's motion to, *inter alia*, vacate a prior order, same court and Justice, granting a default judgment, unanimously modified, on the law and the facts, to vacate the landlord's default only as to the cause of action for property damages and the note of issue for an inquest thereon, and otherwise affirmed, without costs.

The landlord's default cannot be excused upon their bare assertion that it was the result of their insurance company's loss or misplacement of the order to show cause that apparently accompanied the summons and complaint and sought immediate injunctive relief. No evidence from the insurer was offered in support of this excuse. We would also note that the attorneys assigned by the landlord's insurer made no inquiries upon receiving notice of settlement of the default judgment and did not move to vacate the default judgment until some four weeks after receiving it. Moreover, as the IAS Court held, the landlord's defenses do not justify vacating the default, one defense being negated by the affidavit of the landlord's own property manager, and the other merely raising an issue of fact as to the amount of damages, if any. However, concerning the cause of action for property damages, the default should be vacated since no relief in connection therewith was sought in the order to show cause. Concur—Ellerin, J. P., Wallach, Nardelli and Mazzarelli, JJ.