■ ELITE LIMOUSINE PLUS, INC., Appellant, v ALLCITY INSURANCE COMPANY, Respondent, et al., Defendants. [698 NYS2d 251] —In an action, *inter alia*, to compel the defendant Allcity Insurance Company to defend and indemnify the plaintiff pursuant to a policy of automobile liability insurance in an action entitled *Mihailovich v Elite Limousine Plus, Inc.,* pending under Index No. 97/86616 in the Supreme Court, Queens County, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Schmidt, J.), dated February 25, 1999, as denied its motion for leave to enter a judgment against the defendant Allcity Insurance Company upon its failure to appear or answer, granted that branch of the cross motion of the defendant Allcity Insurance Company which was for leave to vacate its default in serving an answer, and directed the plaintiff to accept service of an answer from that defendant.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and that branch of the cross motion which was to vacate the default is denied.

Contrary to the determination of the Supreme Court, the defendant Allcity Insurance Company (hereinafter Allcity) completely failed to establish the requisite reasonable excuse for its failure to timely serve an answer in this action (*see,* CPLR 3012 [d]; *Iovine v Caldwell,* 215 AD2d 977). Indeed, only after the plaintiff moved for leave to enter a judgment against Allcity upon its failure to appear or answer did Allcity proffer its counsel's unsubstantiated "surmise" that the failure to appear or answer might possibly have been caused by an error of a former Allcity employee in neglecting to transmit the pleadings to Allcity's attorneys. This wholly conclusory assertion was inadequate to excuse the default, and the Supreme Court erred in directing the plaintiff to accept late service of the answer and in denying the plaintiff's motion for leave to enter a default judgment (*see generally, Gurreri v Village of Briarcliff Manor,* 249 AD2d 508; *Matthew v H&R Executive Towers,* 244 AD2d 302; *Miles v Blue Label Trucking,* 232 AD2d 382). O'Brien, J. P., Sullivan, Goldstein and Feuerstein, JJ., concur.