■ Philip Ashley, Respondent, v Paula A. Ashley, Appellant. [33 NYS3d 270]—

Appeal from an order of the Supreme Court, Westchester County (Nicolai, J.), entered April 8, 2014. The order, insofar as appealed from, (a) denied that branch of the defendant's motion which was pursuant to CPLR 5015 (a) to vacate a judgment of divorce of that court (Berliner, J.), dated December 23, 2011, entered after an inquest, upon the defendant's failure to appear at trial, (b), in effect, denied that branch of the defendant's motion which was to vacate an order of that court (Duffy, J.), entered August 27, 2013, inter alia, directing the defendant to vacate the marital residence, and (c) granted that branch of the defendant's motion which was for an award of an attorney's fee only to the extent of directing a hearing on that issue.

Ordered that the appeal from so much of the order entered April 8, 2014, as directed a hearing in connection with that branch of the defendant's motion which was for an award of an attorney's fee is dismissed, as no appeal lies as of right from an order which directs a hearing to aid in the disposition of a motion (*see Matter of Jasen v Karassik*, 101 AD3d 874, 876 [2012]; *Serraro v Staropoli*, 94 AD3d 1083, 1084 [2012]), and we decline to grant leave to appeal; and it is further,

Ordered that the order entered April 8, 2014, is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff commenced this action for a divorce and ancillary relief. After the defendant failed to appear for trial, the Supreme Court held an inquest and rendered a default judgment of divorce dated December 23, 2011 (hereinafter the judgment). In an order entered August 27, 2013, the Supreme Court, among other things, directed the defendant to vacate the marital residence. By order to show cause dated February 18, 2014, the defendant moved, inter alia, to vacate the judgment. The defendant argued that because the judgment should be vacated, the order entered August 27, 2013, should be vacated as well.

A motion to vacate a judgment pursuant to CPLR 5015 (a) (1) on the ground of excusable default must be made within one year after service upon the moving party of a copy of the judgment, with notice of its entry (*see* CPLR 5015 [a] [1]). Although the Supreme Court has the inherent authority to vacate a judgment in the interest of justice even after the statutory one-year period has lapsed (*see Goldenberg v Goldenberg*, 123 AD3d 761, 761-762 [2014]; *HSBC Bank USA, N.A. v Miller*, 121 AD3d 1044, 1045-1046 [2014]), here, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was to vacate the judgment. The defendant failed to present any excuse for her failure to move to vacate the judgment for more than two years after its entry, and failed to present any potentially meritorious defenses, including with respect to ancillary economic issues (*see Matter of Weintrob v Weintrob*, 87 AD3d 749, 750 [2011]; *Jamieson v Roman*, 36 AD3d 861, 862 [2007]; *cf. Capurso v Capurso*, 134 AD3d 974, 976 [2015]).

The defendant's remaining contentions are without merit. Rivera, J.P., Balkin, Dickerson and Barros, JJ., concur.