■ JUAN CORCINO, Appellant, v 4303 BAYCHESTER LLC et al., Respondents, et al., Defendants. [46 NYS3d 597]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered December 7, 2015, which granted the motion of defendants 4303 Baychester LLC, 505 East 178 LLC, 983 East 181 LLC and 1064 Ward LLC (respondents) to vacate a default judgment entered as against them, unanimously affirmed, without costs.

The court providently exercised its discretion in vacating the default judgment as against respondents, because the record supports the conclusion that their failure to appear was the result of law office failure by their attorney (*see Jackson v Pelletier*, 160 AD2d 604 [1st Dept 1990]). The fact that respondents may have delayed in seeking vacatur is not dispositive, because the court has the inherent power to consider the application (*see Hunter v Enquirer/Star, Inc.*, 210 AD2d 32, 33 [1st Dept 1994]). Plaintiff has also failed to demonstrate any prejudice from vacatur of the default judgment (*see Mutual Mar. Off., Inc. v Joy Constr. Corp.*, 39 AD3d 417, 419 [1st Dept 2007]).

Furthermore, respondents set forth a meritorious defense to the complaint's allegations that they engaged in fraudulent conveyances to shield defendant New Line Realty III Corp. from paying a judgment that plaintiff's decedent obtained against it in a personal injury action (*see e.g. Blakeslee v Rabinor*, 182 AD2d 390, 392 [1st Dept 1992], *lv denied* 82 NY2d 655 [1993]). Concur—Friedman, J.P., Andrias, Moskowitz, Kapnick and Kahn, JJ.