◼ MIGUELIS DIAZ, an Infant, by Her Mother and Natural Guardian, SILVINIA BELEN, Appellant, v WYCKOFF HEIGHTS MEDICAL CENTER et al., Defendants, and 297 SCHAEFFER STREET REALTY CORP. et al., Respondents. [49 NYS3d 149]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated November 20, 2015, which granted that branch of the motion of the defendants 297 Schaeffer Street Realty Corp. and Abe Rubin which was pursuant to CPLR 5015 (a) to vacate a judgment of the same court entered February 24, 2012, upon their default in complying with a conditional order of preclusion dated December 13, 2004, and in appearing at an inquest.

Ordered that the order dated November 20, 2015, is reversed, on the law, with costs, and that branch of the motion of the defendants 297 Schaeffer Street Realty Corp. and Abe Rubin which was pursuant to CPLR 5015 (a) to vacate the judgment entered February 24, 2012, is denied.

The Supreme Court should have denied that branch of the motion of the defendants 297 Schaeffer Street Realty Corp. and Abe Rubin (hereinafter together the defendants) which was pursuant to CPLR 5015 (a) (1) to vacate a judgment entered February 24, 2012, upon their default in complying with a conditional order of preclusion dated December 13, 2004,

and in failing to appear at an inquest. "A motion to vacate a judgment pursuant to CPLR 5015 (a) (1) on the ground of excusable default must be made within one year after service upon the moving party of a copy of the judgment, with notice of its entry" (*Ashley v Ashley*, 139 AD3d 650, 651 [2016]; *see* CPLR 5015 [a] [1]). In the present case, the defendants' motion was made more than one year after the service upon them of a copy of the judgment, together with notice of its entry and, therefore, that branch of their motion which was to vacate that judgment on the ground of excusable default was untimely (*see Matter of Weintrob v Weintrob*, 87 AD3d 749, 750 [2011]). While the Supreme Court has the inherent authority to vacate a judgment in the interest of justice even after the statutory one-year period has expired, here, the defendants failed to demonstrate a reasonable excuse for their delay in moving to vacate the judgment pursuant to CPLR 5015 (a) (1) (*see Ashley v Ashley*, 139 AD3d at 651; *HSBC Bank USA, N.A. v Miller*, 121 AD3d 1044, 1045-1046 [2014]; *Matter of Weintrob v Weintrob*, 87 AD3d at 750). In any event, the defendants failed to establish a reasonable excuse for their default in complying with the conditional order of preclusion dated December 13, 2004, and in failing to appear at the inquest. Since the defendants failed to establish a reasonable excuse for their default, it is unnecessary to consider whether they demonstrated the existence of a potentially meritorious defense (*see Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d 889, 890 [2010]).

Further, the defendants failed to establish the existence of fraud, misrepresentation, or misconduct on the part of the plaintiff and, therefore, they were not entitled to vacatur of the judgment pursuant to CPLR 5015 (a) (3) (*see Meltzer v Meltzer*, 140 AD3d 716, 717 [2016]; *Mims v Perez*, 79 AD3d 1106 [2010]).

Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 5015 (a) to vacate the judgment entered February 24, 2012. Dillon, J.P., Roman, Hinds-Radix and Barros, JJ., concur.