Hairston v Marcus Garvey Residential Rehab Pavilion, Inc. (2018 NY Slip Op 05021)





Hairston v Marcus Garvey Residential Rehab Pavilion, Inc.


2018 NY Slip Op 05021


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2015-09554
 (Index No. 11779/10)

[*1]Michael Hairston, etc., appellant, 
v
Marcus Garvey Residential Rehab Pavilion, Inc., et al., defendants- respondents; St. Marks Brooklyn Associates, LLC, etc., intervenor-respondent.


Dalli & Marino, LLP (Pollack, Pollack, Isaac & De Cicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellant.
Drabkin & Margulies, New York, NY (Robert W. Margulies of counsel), for intervenor-respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated August 19, 2015. The order, insofar as appealed from, granted that branch of the motion of the defendant Marcus Garvey Residential Rehab Pavilion, Inc., which was pursuant to CPLR 5015(a)(1) to vacate an order of the same court (Ellen M. Spodek, J.) dated February 14, 2011, granting the plaintiff's unopposed motion for leave to enter a default judgment against it upon its failure to appear or answer the complaint.
ORDERED that the order dated August 19, 2015, is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Marcus Garvey Residential Rehab Pavilion, Inc., which was pursuant to CPLR 5015(a)(1) to vacate the order dated February 14, 2011, is denied.
The plaintiff's decedent was a resident of a nursing home owned and operated by the defendant Marcus Garvey Residential Rehab Pavilion, Inc. (hereinafter the nursing home). In May 2010, the plaintiff commenced this action alleging, among other things, that the nursing home failed to properly prevent and treat the decedent's pressure ulcers which developed during her residency at the nursing home. In November 2010, the plaintiff moved for leave to enter a default judgment against the nursing home upon its failure to appear or answer the complaint. In an order dated February 14, 2011, the Supreme Court granted the plaintiff's motion. A copy of the February 14, 2011, order with notice of entry was served upon the nursing home on February 16, 2011.
In November 2012, the nursing home moved, inter alia, pursuant to CPLR 5015(a) to vacate the order dated February 14, 2011, on the grounds of lack of personal jurisdiction and excusable default. Following a hearing to determine the validity of service of process, a referee determined that the nursing home was properly served with the summons and complaint. In the order appealed from, the Supreme Court granted the plaintiff's motion to confirm the referee's report and deemed service proper. However, the court granted that branch of the defendant's motion which [*2]was pursuant to CPLR 5015(a)(1) to vacate the order dated February 14, 2011, on the ground of excusable default.
A defendant moving pursuant to CPLR 5015(a)(1) to vacate a default in appearing or answering the complaint must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (see Eugene Di Lorenzo, Inc. v A. C. Dutton Lbr. Co., 67 NY2d 138, 141; TD Bank, N.A. v Spector, 114 AD3d 933, 934; Bekker v Fleischman, 35 AD3d 334). "Such motion must be made within one year after service of a copy of the . . . order with written notice of its entry upon the moving party'" (New Century Mtge. Corp. v Chimmiri, 146 AD3d 893, 894, quoting CPLR 5015[a][1]; see Dutchess Truck Repair, Inc. v Boyce, 120 AD3d 543, 544). "[A]lthough the Supreme Court has the inherent authority to vacate an order in the interest of justice even where the statutory one-year period under CPLR 5015(a)(1) has expired" (Matter of Weintrob v Weintrob, 87 AD3d 749, 750; see Ashley v Ashley, 139 AD3d 650, 651), here, the nursing home failed to demonstrate a reasonable excuse for its delay in moving to vacate the order (see Diaz v Wyckoff Hgts. Med. Ctr., 148 AD3d 778, 779; Ashley v Ashley, 139 AD3d at 651). In any event, the nursing home's claim that its failure to appear or answer the complaint was caused by an internal mishandling of the pleadings was unsubstantiated and insufficient to constitute a reasonable excuse for its default (see Elite Limousine Plus v Allcity Ins. Co., 266 AD2d 259). Inasmuch as the nursing home failed to establish a reasonable excuse for its default, it is unnecessary to consider whether the nursing home demonstrated the existence of a potentially meritorious defense to the action (see Diaz v Wyckoff Hgts. Med. Ctr., 148 AD3d at 779).
Accordingly, the Supreme Court should have denied that branch of the nursing home's motion which was pursuant to CPLR 5015(a)(1) to vacate the order dated February 14, 2011.
RIVERA, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court