Halberstam v Lattimer (2020 NY Slip Op 03647)





Halberstam v Lattimer


2020 NY Slip Op 03647


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-14201
 (Index No. 14200/14)

[*1]Chaim Halberstam, appellant,
v
Rosa Lattimer, etc., respondent.


Law Offices of Geoffrey S. Hersko, P.C., Cedarhurst, NY, for appellant.
Yvette Dudley Law Group, P.C., Springfield Gardens, NY, for respondent.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated August 16, 2018. The order granted the defendant's motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated January 31, 2017, and a judgment of the same court dated September 8, 2017.
ORDERED that the order dated August 16, 2018, is affirmed, with costs.
In 1987, the defendant and her then husband purchased a piece of real property as tenants in common. In November 2013, the defendant signed a contract to sell that property to the plaintiff. This contract has not been fulfilled. The plaintiff commenced this action seeking specific performance of the contract and damages.
After discharging her counsel, the defendant, pro se, moved to dismiss the complaint. The plaintiff opposed the motion and cross-moved for summary judgment on the complaint. The hearing date was adjourned multiple times until January 31, 2017. However, the defendant did not appear at that hearing, which caused the Supreme Court to issue an order dated January 31, 2017, marking the defendant's motion off the calendar and granting the plaintiff's cross motion without opposition and upon default. Subsequently, the court issued a judgment dated September 8, 2017, directing specific performance of the contract.
In April 2018, the defendant, who was now represented by counsel, moved pursuant to CPLR 5015(a)(1) to vacate the order dated January 31, 2017, and the judgment dated September 8, 2017. The Supreme Court granted the defendant's motion to vacate, and the plaintiff appeals.
"A motion to vacate a judgment pursuant to CPLR 5015(a)(1) on the ground of excusable default must be made within one year after service upon the moving party of a copy of the judgment, with notice of its entry" (Ashley v Ashley, 139 AD3d 650, 651; see CPLR 5015[a][1]). However, the Supreme Court also has the inherent authority to vacate a judgment in the interest of justice even after the statutory one-year period has lapsed (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; Diaz v Wyckoff Hgts. Med. Ctr., 148 AD3d 778, 779; Ashley v Ashely, 139 AD3d [*2]at 651). Here, the Supreme Court providently exercised its discretion in deeming the motion to be timely where it was filed within one year of the filing of the judgment dated September 8, 2017.
Generally, "[a] party attempting to vacate a default judgment must establish both a reasonable excuse for the default and a meritorious defense" (Roussodimou v Zafiriadis, 238 AD2d 568, 568-569). "While the determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the trial court, reversal is warranted where the court improvidently exercises its discretion" (id. at 569 [citation omitted]; see Woodson v Mendon Leasing Corp., 100 NY2d at 68). Here, the defendant established a reasonable excuse for the default in failing to appear at the January 31, 2017, hearing based upon the numerous adjournments of the hearing date as well as the evidence that she was not informed of the January 31, 2017, hearing date. Together, that evidence amounts to a detailed and credible explanation that was akin to law office failure (see 555 Prospect Assoc., LLC v Greenwich Design & Dev. Group Corp., 154 AD3d 909, 910; Kohn v Kohn, 86 AD3d 630, 630). In addition, the defendant established a potentially meritorious defense that the contract was not enforceable.
Accordingly, the Supreme Court providently exercised its discretion in granting the defendant's motion to vacate the September 8, 2017, judgment and the January 31, 2017, order upon which that judgment was based.
MASTRO, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court