Cellino & Barnes, P.C. v Martin, Lister & Alvarez, PLC (2021 NY Slip Op 00961)





Cellino & Barnes, P.C. v Martin, Lister & Alvarez, PLC


2021 NY Slip Op 00961


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


977 CA 20-00608

[*1]CELLINO & BARNES, P.C., PLAINTIFF-RESPONDENT,
v
MARTIN, LISTER & ALVAREZ, PLC, DEFENDANT-APPELLANT. 






COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (DANIEL R. ROSE OF COUNSEL), FOR DEFENDANT-APPELLANT.
CELLINO & BARNES, P.C., BUFFALO (GREGORY V. PAJAK OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered September 4, 2019. The order denied the motion of defendant to vacate a judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: This appeal involves a dispute between two law firms over the attorneys' fees earned in a personal injury action arising from a motor vehicle accident. Defendant, Martin, Lister & Alvarez, PLC (MLA), appeals from an order that denied its motion to vacate a judgment that, inter alia, split the attorneys' fees in half between MLA and plaintiff, Cellino & Barnes, P.C. (Cellino & Barnes), and awarded Cellino & Barnes attorneys' fees as a sanction against MLA for frivolous conduct. We conclude that Supreme Court neither abused nor improvidently exercised its discretion in denying the motion.
The sanction imposed against MLA related to a prior motion by MLA to dismiss the instant complaint on the basis of lack of personal jurisdiction and the appeal from the order denying that motion. In support of its motion and on appeal, MLA's attorneys and its principal repeatedly averred that MLA, a Florida law firm, had no contacts with New York and performed no work or services with respect to the personal injury action in New York. Although the court initially granted the motion to dismiss, it later granted the motion of Cellino & Barnes for leave to reargue and, upon reargument, denied the motion to dismiss. On appeal, we affirmed the order denying the motion to dismiss (Cellino & Barnes, P.C. v Martin, Lister & Alvarez, PLLC, 117 AD3d 1459 [4th Dept 2014], lv dismissed 24 NY3d 928 [2014]).
Subsequently, Cellino & Barnes learned that MLA's principal had, in fact, traveled to New York and performed work with respect to the personal injury action in New York. As a result, Cellino & Barnes moved for an award of costs, sanctions and attorneys' fees against MLA "and/or" its then-attorney Anthony D. Parone (motion for sanctions). In opposition to the motion for sanctions, MLA asserted that it made no misrepresentations to the courts because it performed no "investigatory" work on the personal injury action in New York. MLA cross-moved to dismiss the instant complaint, alleging that Cellino & Barnes was discharged for cause and, as a result, was not entitled to any portion of the attorneys' fees from the personal injury action.
The court denied MLA's cross motion and directed a hearing on the motion for sanctions. The hearing was twice adjourned from May until June to accommodate the schedule of MLA's principal. At the hearing, when Cellino & Barnes sought to call MLA's principal as a witness, Parone informed the court that, inasmuch as his client was MLA and not MLA's principal, it was the obligation of Cellino & Barnes to subpoena MLA's principal for attendance. After noting that the motion for sanctions "was not just against [MLA] but it was against Mr. Parone," Cellino & Barnes attempted to call Parone to testify. The hearing was adjourned after Parone argued that he was entitled to his own attorney. The court then informed the attorneys that it would hold a hearing on the complaint and the motion for sanctions on the same day. The court also directed MLA's principal to appear at the next court date, stating that "if he fails to appear, it could result in his responses being stricken." A written order to that effect was issued.
MLA's principal failed to appear at the next court date, and the judgment was entered against MLA. It is that failure that forms the basis of MLA's motion to vacate. MLA contends that MLA's principal did not appear because Parone never informed MLA of any hearing related to the motion for sanctions or of the court's directive that MLA's principal appear and never forwarded to MLA the court order containing that information. In addition, MLA contends that Parone told MLA's principal and another MLA attorney that the hearing on the complaint would not go forward because of procedural issues. MLA's attorney on the motion to vacate averred that he had participated in a telephone conversation in which Parone admitted that he had failed to inform MLA of the hearing or the directive that MLA's principal appear at that court proceeding.
Cellino & Barnes opposed the motion to vacate, contending that there was no basis to vacate the judgment under CPLR 5015 and no basis for the court to exercise its inherent power to "vacate its own judgment for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]). According to Cellino & Barnes, MLA's "uncorroborated excuse for not appearing" at the hearing was not a sufficient basis to vacate the judgment.
MLA correctly concedes that there is no basis to vacate the judgment under CPLR 5015 (a) and instead focuses on the court's inherent power to vacate a judgment or order (see generally Woodson, 100 NY2d at 68). In our view, the court neither abused its discretion nor improvidently exercised its discretion when it denied the motion to vacate the judgment. MLA's conclusory and unsubstantiated claims of law office failure are insufficient to establish a reasonable basis to vacate a judgment in the interests of substantial justice (see IndyMac Bank, FSB v Izzo, 166 AD3d 866, 868 [2d Dept 2018]).
With respect to MLA's allegations that Parone engaged in misconduct, MLA correctly notes that, where a default order or judgment has been entered, an attorney's failure to inform a client about a hearing and an attorney's misconduct have been deemed sufficient grounds to vacate such an order or judgment pursuant to CPLR 5015 (a) (1), i.e., for excusable default (see Halberstam v Lattimer, 185 AD3d 555, 557 [2d Dept 2020]; Corcino v 4303 Baychester LLC, 147 AD3d 467, 467 [1st Dept 2017]; Goldenberg v Goldenberg, 123 AD3d 761, 762 [2d Dept 2014]). Further, "[i]t has long been settled in this State that the Supreme Court has power to relieve a party to a pending action from a judgment or order obtained against him [or her] by reason of the neglect, ignorance or fraud of his [or her] attorney" (Tomczak v Roetzer, 283 App Div 851, 852 [4th Dept 1954]; see generally Matter of Hogan v Supreme Ct. of State of N.Y., 295 NY 92, 96 [1946]). Nevertheless, MLA's misconduct allegations against Parone raise credibility issues that are best determined by the motion court (see generally Cupoli v Nationwide Ins. Co. [appeal No. 2], 283 AD2d 961, 961 [4th Dept 2001]). We cannot say that the court abused or improvidently exercised its discretion in determining that MLA's accusations against Parone did not warrant vacatur of the judgment (cf. Shouse v Lyons, 4 AD3d 821, 822-823 [4th Dept 2004]; see generally Quinn v Guerra, 26 AD3d 872, 874 [4th Dept 2006], appeal dismissed 7 NY3d 741 [2006]).
We have reviewed MLA's remaining contentions and conclude that they lack merit.
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court