■ Daniel Raimonda et al., Appellants, v. Robert L. Cahn et al., Respondents.— In an action to compel removal of a fence on defendants' real property, allegedly erected and maintained by them in violation of the Building Zone Ordinance and the Building Code of the Town of Huntington, the two named plaintiffs, who own real property adjacent to that of defendants, suing individually and in behalf of all persons similarly situated, appeal from an order of the Supreme Court, Suffolk County, entered June 7, 1966, which granted defendants' motion to cancel the notice of pendency of action filed by plaintiffs, on the ground that the action was not one brought to recover a judgment affecting the title to, or the possession, use or enjoyment of real property. Order affirmed, with $10 costs and disbursements. Special Term had the power to grant defendants' motion to cancel the notice of pendency if the action was not one in which the judgment demanded would affect the title to, or the possession, use or enjoyment of real property within the meaning of CPLR 6501 and the pertinent decisional law (7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6514.03). Plaintiffs claim no right, title or interest in or to the real property against which the notice of pendency was filed. They seek to prevent defendants from committing a wrongful act on their own land which will affect the pecuniary value of plaintiffs' land. The action is one similar to an action to abate a nuisance. "An action to abate a nuisance is not one affecting the title to, or the possession, use or enjoyment of real property. To hold that the defendant owners may not wrongfully use their property to the injury of their neighbors does not involve the kind of restrictions or use or enjoyment designed by section 120 of the Civil Practice Act [now CPLR 6501] as furnishing the basis for the filing of a *lis pendens*" (*Braunston* v. *Anchorage Woods*, 10 N Y 2d 302, 306). In our opinion, defendants' motion to cancel the notice of pendency was properly granted (*Braunston* v. *Anchorage Woods, supra*; *Brooklyn Soc. of New Church* v. *Delroy Realty Corp.*, 5 A D 2d 889). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.