In an action to recover damages for personal injuries, the plaintiff Oak Bong Kim appeals from an order of the Supreme Court, Queens County (Dufficy, J.), entered February 29, 2016, which denied her motion, in effect, to vacate so much of a prior order of the same court entered October 14, 2015, as granted the separate motions of the plaintiff/counterclaim defendant and the defendants/counterclaim plaintiffs for summary judgment dismissing the complaint insofar as asserted by her, upon her failure to oppose the motions, and thereupon to deny those separate motions.
 

 Ordered that the order entered February 29, 2016, is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
 

 On February 11, 2013, the plaintiffs commenced this action to recover damages for personal injuries allegedly sustained by them in a car accident. In their answer, the defendants asserted a counterclaim against the plaintiff Ki Tae Kim, who was the driver of the plaintiffs’ vehicle. By notice of motion dated March 16, 2015, the plaintiff/counterclaim defendant, Ki Tae Kim, moved for summary judgment dismissing the complaint insofar asserted by the plaintiff Oak Bong Kim (hereinafter the appellant) on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and noticed the motion to be heard on April 30, 2015. On April 30, 2015, the Supreme Court granted the appellant’s request to adjourn the return date of the motion to June 25, 2015. By notice of motion dated June 8, 2015, the defendants separately moved for the same relief. On June 25, 2015, the return date of both motions was adjourned to August 6, 2015, at the appellant’s request. On August 6, 2015, the court denied the appellant’s third request for an adjournment of the return date, and the motions were fully submitted without opposition.
 

 By order entered October 14, 2015, the Supreme Court, inter alia, granted the separate unopposed motions for summary judgment dismissing the complaint insofar as asserted by the appellant. By notice of motion dated November 13, 2015, the appellant moved, in effect, to vacate that portion of the order entered October 14, 2015, and thereupon to deny the separate motions. In the order appealed from, entered February 29, 2016, the court denied the appellant’s motion.
 

 A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015 [a] [1]; Paul v Weatherwax, 146 AD3d 792, 793 [2017]; Credit Bur. of N.Y., Inc. v Rapid Realty 95, Inc., 137 AD3d 841, 841 [2016]; J & J Alarcon Realty Corp. v Plantains Rest., Inc., 123 AD3d 886, 887 [2014]). The determination of what constitutes a reasonable excuse lies within the Supreme Court’s discretion, and the court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where that claim is supported by a detailed and credible explanation of the default at issue (see Scholem v Acadia Realty L.P., 144 AD3d 1012, 1013 [2016]; Bhuiyan v New York City Health & Hosps. Corp., 120 AD3d 1284 [2014]; Sarcona v J & J Air Container Sta., Inc., 111 AD3d 914, 915 [2013]). However, “mere neglect is not a reasonable excuse” (OneWest Bank, FSB v Singer, 153 AD3d 714, 716 [2017]).
 

 Here, the Supreme Court providently exercised its discretion in determining that the appellant failed to present a reasonable excuse for her defaults. The appellant’s counsel’s affirmation in support of the motion contained conclusory and unsubstantiated allegations of law office failure after an attorney left the firm. Counsel’s neglect in timely ascertaining whether opposition had been filed did not constitute a reasonable excuse (see OneWest Bank, FSB v Singer, 153 AD3d at 716; Aurora Loan Servs., LLC v Lucero, 131 AD3d 496, 497 [2015]; Neilson v 6D Farm Corp., 123 AD3d 676, 679 [2014]; Piton v Cribh, 38 AD3d 741 [2007]). Nor did the appellant provide a reasonable excuse for the three-month delay in moving to vacate her defaults (see Immigration Servs. for New Ams. v Monchas, 129 AD3d 913, 914 [2015]; Wells Fargo Bank, N.A. v Krauss, 128 AD3d 813, 815 [2015]; Betz v Carbone, 126 AD3d 743, 744 [2015]; Neilson v 6D Farm Corp., 123 AD3d at 679).
 

 Accordingly, we need not address the issue of whether the appellant demonstrated a potentially meritorious opposition to the motions (see Bhuiyan v New York City Health & Hosps. Corp., 120 AD3d at 1285; Garcia v Shaw, 118 AD3d 943 [2014]; Silva v Honeydew Cab Corp., 116 AD3d 691, 692 [2014]).
 

 Hall, J.P., Cohen, Barros and Christopher, JJ., concur.