Kondrotas-Williams v Westbridge Enters., Inc. (2019 NY Slip Op 02078)





Kondrotas-Williams v Westbridge Enters., Inc.


2019 NY Slip Op 02078


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2018-02257
 (Index No. 7302/15)

[*1]Grazina Kondrotas-Williams, appellant,
v
Westbridge Enterprises, Inc., respondent.


Harmon, Linder, & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Thomas M. Bona, P.C., White Plains, NY (Michael Kestenbaum of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated December 12, 2017. The order denied the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate a prior order of the same court entered September 28, 2017, granting that branch of the defendant's unopposed motion which was pursuant to CPLR 3126(3) to strike the complaint, and thereupon to deny that branch of the motion and to reinstate the action to the court's calendar.
ORDERED that the order dated December 12, 2017, is affirmed, with costs.
On April 24, 2015, the plaintiff commenced this action against the defendant to recover damages for personal injuries. The defendant served an answer and combined discovery demands dated May 27, 2015. By preliminary conference order dated March 16, 2016, the plaintiff was directed to respond to the defendant's discovery demands within 30 days.
By notice of motion dated October 26, 2016, the defendant moved, inter alia, pursuant to CPLR 3124 to compel the plaintiff to comply with its discovery demands and the directives of the preliminary conference order, or, in the alternative, pursuant to CPLR 3126(3) to strike the complaint based upon the plaintiff's failure to provide responses to its discovery demands. While the motion was pending, at a compliance conference held on December 14, 2016, the parties stipulated that, among other things, the plaintiff would serve a response to the defendant's discovery demands dated May 27, 2015, and comply with the preliminary conference order within 10 days. By amended order dated January 10, 2017, the Supreme Court granted that branch of the defendant's motion which was to compel the plaintiff to provide a response to the defendant's discovery demands and directed the plaintiff to provide such a response within 15 days of service of the order with notice of entry. The court stated that, in the event that the plaintiff continued to fail to prosecute this matter, the court would consider a motion to dismiss the action.
Subsequently, the plaintiff served a discovery response dated February 6, 2017, upon the defendant. By letter dated February 28, 2017, defense counsel objected to the plaintiff's [*2]response, which it received on February 23, 2017, for various reasons and requested that the plaintiff provide a further response. Another compliance conference was held on March 22, 2017, during which the parties stipulated that, inter alia, the plaintiff was to comply with the order dated January 10, 2017, and defense counsel's letter dated February 28, 2017, within 20 days.
Thereafter, by notice of motion dated June 15, 2017, the defendant moved, inter alia, pursuant to CPLR 3126(3) to strike the complaint based upon the plaintiff's failure to comply with the order dated January 10, 2017. By order entered September 28, 2017, the Supreme Court granted that branch of the defendant's unopposed motion which was pursuant to CPLR 3126(3) to strike the complaint. By notice of motion dated October 23, 2017, the plaintiff moved pursuant to CPLR 5015(a)(1) to vacate the order entered September 28, 2017, and thereupon to deny that branch of the defendant's prior motion which was pursuant to CPLR 3126(3) to strike the complaint, and to reinstate the action to the court's calendar. By order dated December 12, 2017, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"A party seeking to vacate an order entered upon his or her failure to oppose a motion is required to demonstrate, through the submission of supporting facts in evidentiary form, both a reasonable excuse for the default and the existence of a potentially meritorious opposition to the motion" (Bhuiyan v New York City Health & Hosps. Corp., 120 AD3d 1284, 1284; see CPLR 5015[a][1]; Soto v Chelsea W26, LLC, 166 AD3d 1048, 1048). "The determination of whether an excuse is reasonable lies within the sound discretion of the Supreme Court" (Option One Mtge. Corp. v Rose, 164 AD3d 1251, 1252; see Cox v Marshall, 161 AD3d 1140, 1141). "The court may accept a proffered excuse of law office failure where that claim is supported by a detailed and credible explanation of the default at issue'" (Lefcort v Samowitz, 165 AD3d 772, 773, quoting Ki Tae Kim v Bishop, 156 AD3d 776, 777; see Option One Mtge. Corp. v Rose, 164 AD3d at 1252). "Conversely, where a claim of law office failure is conclusory and unsubstantiated or lacking in credibility, it should be rejected" (Lefcort v Samowitz, 165 AD3d at 773; see Ki Tae Kim v Bishop, 156 AD3d at 777; cf. Scholem v Acadia Realty L.P., 144 AD3d 1012, 1013).
Here, the Supreme Court providently exercised its discretion in determining that the plaintiff failed to establish a reasonable excuse for her default (see Soto v Chelsea W26, LLC, 166 AD3d at 1049-1050; Lefcort v Samowitz, 165 AD3d at 773; Ki Tae Kim v Bishop, 156 AD3d 776, 777). The plaintiff's counsel's affirmation in support of the plaintiff's motion attributed the default in opposing the defendant's prior motion to his need, as a resident of Puerto Rico who maintained a satellite law office there, to prepare for the arrival of Hurricane Irma, which struck Puerto Rico on the return date of the defendant's prior motion. However, the defendant's unopposed motion was originally returnable on July 12, 2017, and the plaintiff's counsel requested and was granted an extension of time to file opposition papers by August 9, 2017. Consequently, the plaintiff's opposition was due weeks before the hurricane struck Puerto Rico on September 6, 2017. Moreover, even if the hurricane impacted the filing of the plaintiff's opposition, no explanation was given for the failure of plaintiff's counsel to contact defendant's counsel or the court to seek an extension of time to oppose the defendant's prior motion or to have his colleagues, who worked in the firm's New York office, submit papers.
Since the plaintiff failed to offer a reasonable excuse, this Court need not consider whether the plaintiff demonstrated a potentially meritorious opposition to the defendant's prior motion (see Option One Mtge. Corp. v Rose, 164 AD3d at 1253; Cox v Marshall, 161 AD3d at 1141).
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate the order entered September 28, 2017, granting that branch of the defendant's unopposed motion which was pursuant to CPLR 3126(3) to strike the complaint, and thereupon to deny that branch of the motion and to reinstate the action to the court's calendar.
MASTRO, J.P., AUSTIN, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court