Seaman v New York Univ. (2019 NY Slip Op 06814)





Seaman v New York Univ.


2019 NY Slip Op 06814


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-09610
2018-09613
 (Index No. 32967/11)

[*1]Glenn Seaman, Jr., et al., appellants, 
v
New York University, et al., defendants third-party plaintiffs- respondents; Peter Scalamandre & Sons, Inc., third-party defendant-respondent.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellants.
Westermann Sheehy Keenan Samaan & Aydelott, LLP, East Meadow, NY (Peter S. Samaan and Seth D. Rosmarin of counsel), for defendants third-party plaintiffs-respondents.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated May 7, 2018, and (2) a judgment of the same court entered May 18, 2018. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was pursuant to CPLR 5015(a)(1) to vacate so much of a prior order of the same court dated December 6, 2017, as granted that branch of the unopposed cross motion of the defendants third-party plaintiffs, and that branch of the third-party defendant's unopposed motion, which were pursuant to CPLR 3126 to dismiss the complaint. The judgment, upon the orders, dismissed the complaint.
ORDERED that the appeal from the order dated May 7, 2018, is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
In 2011, the plaintiff Glenn Seaman, Jr., and his wife suing derivatively, commenced this personal injury action against the defendants third-party plaintiffs (hereinafter the defendants). The defendants thereafter commenced a third-party action against the third-party defendant. In 2017, in response to a motion by the plaintiffs, the defendants cross-moved, inter alia, pursuant to CPLR 3126(3) to dismiss the complaint for failure to comply with discovery demands. The third-party defendant separately moved, among other things, to dismiss the complaint on the same ground. The [*2]plaintiffs failed to oppose the defendants' cross motion and the third-party defendant's motion (hereinafter together the dismissal motions), which were granted in an order dated December 6, 2017 (hereinafter the December 2017 order).
The plaintiffs then moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate so much of the December 2017 order as granted the unopposed dismissal motions. In an order dated May 7, 2018, the Supreme Court, among other things, denied that branch of the plaintiffs' motion. By judgment entered May 18, 2018, the court dismissed the complaint. The plaintiffs appeal from the order and the judgment.
The appeal from the order dated May 7, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Vizelter v Strogov, 170 AD3d 917). The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court, and the court has discretion to accept law office failure as a reasonable excuse where the claim is supported by a detailed and credible explanation of the default at issue (see CPLR 2005; Soto v Chelsea W26, LLC, 166 AD3d 1048, 1049; Ki Tae Kim v Bishop, 156 AD3d 776, 777). However, mere neglect is not a reasonable excuse (see OneWest Bank, FSB v Singer, 153 AD3d 714, 716). Moreover, " where a claim of law office failure is conclusory and unsubstantiated or lacking in credibility, it should be rejected'" (see Kondrotas-Williams v Westbridge Enters., Inc., 170 AD3d 983, 985, quoting Lefcort v Samowitz, 165 AD3d 772, 773).
Here, the Supreme Court did not improvidently exercise its discretion in declining to accept the plaintiffs' excuse of law office failure. The plaintiffs' counsel asserted in an affirmation in support of the plaintiffs' motion that the plaintiffs did not oppose the dismissal motions because, having served responses to outstanding discovery demands prior to the adjourned return date, they considered the dismissal motions to be academic. However, the responses did not contain all of the requested discovery (cf. Infante v Breslin Realty Dev. Corp., 95 AD3d 1075, 1077). Further, counsel for the defendants and the third-party defendant did not indicate or suggest that they were withdrawing the dismissal motions in light of the responses they received. To the contrary, counsel for the third-party defendant advised the plaintiffs' counsel by letter that the discovery responses were inadequate, specified in what manner they were inadequate, and indicated that the third-party defendant would not withdraw its motion until adequate responses were received. Even though the parties appeared at conferences after the adjourned return date of the dismissal motions and before the dismissal motions were decided, at these conferences, the plaintiffs' counsel never inquired into, or confirmed with opposing counsel or the court, the status of the dismissal motions. In any event, the default in opposing the dismissal motions occurred prior to these conferences. Under these circumstances, the plaintiffs did not establish a reasonable excuse for their default (seeKi Tae Kim v Bishop, 156 AD3d at 777). Since the plaintiffs failed to demonstrate a reasonable excuse for their default, we need not reach the issue of whether they demonstrated the existence of a potentially meritorious opposition to the dismissal motions (see Vizelter v Strogov, 170 AD3d 917).
Accordingly, we agree with the Supreme Court's determination denying that branch of the plaintiffs' motion which was pursuant to CPLR 5015(a)(1) to vacate so much of the December 2017 order as granted the unopposed dismissal motions.
MASTRO, J.P., BALKIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court