210 E. 60 St., LLC v Rahman (2019 NY Slip Op 08983)





210 E. 60 St., LLC v Rahman


2019 NY Slip Op 08983


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-07906
 (Index No. 607719/15)

[*1]210 East 60 St., LLC, appellant,
v
Anessa Rahman, etc., et al., respondents.


The Schutzer Group, PLLC, New York, NY (Eric P. Schutzer of counsel), for appellant.
Andrew D. Greene, P.C., Lake Success, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated May 29, 2018. The order, inter alia, granted that branch of the defendants' motion which was pursuant to CPLR 5015(a)(1), in effect, to vacate an order of the same court (James Hudson, J.) dated December 9, 2016, granting the plaintiff's unopposed motion to strike the defendants' answer and for summary judgment in its favor.
ORDERED that the order dated May 29, 2018, is affirmed, with costs.
On July 17, 2015, the plaintiff commenced this action against the defendants, inter alia, to recover damages for breach of contract. The defendants served an answer with counterclaim on August 27, 2015. Thereafter, the plaintiff served interrogatories and a notice of discovery and inspection. In a preliminary conference order dated February 29, 2016, the defendants were directed to respond to the plaintiff's discovery demands within 45 days. The defendants provided responses to the interrogatories, but failed to respond to the notice of discovery and inspection.
On October 18, 2016, the plaintiff moved pursuant to CPLR 3126(3) to strike the defendants' answer for failure to provide responses to its discovery demands and pursuant to CPLR 3212 for summary judgment in its favor. In an order dated December 9, 2016, the Supreme Court granted the plaintiff's motion, without opposition. On March 17, 2017, a judgment was entered in favor of the plaintiff and against the defendants.
On or about February 21, 2018, the defendants moved, inter alia, pursuant to CPLR 5015(a)(1), in effect, to vacate the order dated December 9, 2016, granting the plaintiff's unopposed motion, and the judgment entered March 17, 2017, and to reinstate their answer. The plaintiff opposed the motion. In an order dated May 29, 2018, the Supreme Court granted those branches of the defendants' motion which were, in effect, to vacate the order dated December 9, 2016, and to reinstate their answer. The court also stayed enforcement of the judgment and directed the parties to appear for a discovery conference. The plaintiff appeals.
To prevail on their motion to vacate their default in opposing the plaintiff's motion to strike the answer and for summary judgment, and to vacate the judgment entered thereupon, the [*2]defendants were required to demonstrate a reasonable excuse for their default in opposing the plaintiff's motion, as well as a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Mid-Hudson Props., Inc. v Klein, 167 AD3d 862, 864; Mollica v Ruzza, 151 AD3d 714). The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court, and in exercising that discretion, the court may accept law office failure as an excuse (see CPLR 2005) where the claim of law office failure is supported by a "detailed and credible" explanation of the default or defaults at issue (Ki Tae Kim v Bishop, 156 AD3d 776, 777; see Kondrotas-Williams v Westbridge Enters., Inc., 170 AD3d 983, 985).
Here, the defendants demonstrated a reasonable excuse based upon law office failure for their default in opposing the plaintiff's motion by submitting, inter alia, an affirmation of their former counsel explaining the circumstances leading to and following counsel's failure to submit opposition to the plaintiff's motion (see CPLR 2005, 5015[a][1]; Millard v Wyche, 164 AD3d 778, 780; Remote Meter Tech. of NY, Inc. v Aris Realty Corp., 83 AD3d 1030, 1032; cf. Ki Tae Kim v Bishop, 156 AD3d 776, 777). The defendants also demonstrated that they had a potentially meritorious opposition to the plaintiff's motion, given the absence of evidence that the defendants' failure to timely respond to the plaintiff's notice of discovery and inspection was willful or contumacious (see Madonna Mgt. Servs., Inc. v R.S. Naghavi, M.D., PLLC, 172 AD3d 845; Peterson v Estate of Rozansky, 171 AD3d 805, 808; HSBC Bank USA, N.A. v Oscar, 161 AD3d 1055, 1057).
Accordingly, the Supreme Court providently exercised its discretion in granting those branches of the defendants' motion which were, in effect, to vacate the order dated December 9, 2016, and to reinstate their answer, and staying enforcement of the judgment entered upon the defendants' default. We note that the branch of the defendants' motion which was to vacate the judgment was not determined in the order dated May 29, 2018 (see Katz v Katz, 68 AD2d 536, 542-543).
CHAMBERS, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court