Chowdhury v Weldon (2020 NY Slip Op 03763)





Chowdhury v Weldon


2020 NY Slip Op 03763


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2019-00408
 (Index No. 710004/16)

[*1]Arpan K. Chowdhury, appellant, 
v
Joseph C. Weldon, respondent.


Timothy Bompart, Inc., Rego Park, NY, for appellant.
Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka and Kevin G. Faley of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered November 28, 2018. The order denied the plaintiff's motion, in effect, pursuant to CPLR 5015(a)(1) to vacate a prior order of the same court entered September 14, 2017, granting the defendant's unopposed motion to dismiss the complaint.
ORDERED that the order entered November 28, 2018, is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. The defendant moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction. In an order entered September 14, 2017, the Supreme Court granted the defendant's unopposed motion to dismiss the complaint.
Nearly one year later, the plaintiff moved, in effect, pursuant to CPLR 5015(a)(1) to vacate the order entered September 14, 2017, granting the defendant's motion to dismiss the complaint. In an order entered November 28, 2018, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Finamore v David Ullman, P.C., 179 AD3d 642, 643; Ki Tae Kim v Bishop, 156 AD3d 776, 777; Flagstar Bank, FSB v Damaro, 145 AD3d 858, 859-860; Credit Bur. of N.Y., Inc. v Rapid Realty 95, Inc., 137 AD3d 841). "The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion, and the court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where that claim is supported by a detailed and credible explanation of the default at issue" (Ki Tae Kim v Bishop, 156 AD3d at 777). At the same time, "mere neglect is not a reasonable excuse" (OneWest Bank, FSB v Singer, 153 AD3d 714, 716).
Here, the plaintiff failed to demonstrate a reasonable excuse for his default. The plaintiff's counsel asserted by affirmation in support of the motion that the default was the result of [*2]a paralegal leaving the practice and problems with the office's computer system. These conclusory and unsubtantiated allegations of law office failure did not constitute a reasonable excuse for the default (see Ki Tae Kim v Bishop, 156 AD3d at 777; OneWest Bank, FSB v Singer, 153 AD3d at 716; Aurora Loan Servs., LLC v Lucero, 131 AD3d 496, 497; Campbell-Jarvis v Alves, 68 AD3d 701, 702). Moreover, the record demonstrates that the initial default was not isolated error, but part of a pattern of "repeated neglect" (Roussodimou v Zafiriadis, 238 AD2d 568, 569; see Zovko v Quittner Realty, LLC, 162 AD3d 1102, 1104). In this regard, the plaintiff failed to provide any excuse for his delay of almost one year before moving to vacate the default (see Zovko v Quittner Realty, LLC, 162 AD3d at 1104; Ki Tae Kim v Bishop, 156 AD3d at 777; Wells Fargo Bank, N.A. v Krauss, 128 AD3d 813, 815; Miller v Ateres Shlomo, LLC, 49 AD3d 612, 613). Since the plaintiff failed to demonstrate a reasonable excuse for his default, we need not reach the issue of whether he demonstrated a potentially meritorious opposition to the defendant's motion to dismiss the complaint (see Seaman v New York Univ., 175 AD3d 1578, 1580).
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion to the vacate the order entered September 14, 2017, granting the defendant's unopposed motion to dismiss the complaint.
AUSTIN, J.P., MALTESE, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court