Matthews v Vivero (2020 NY Slip Op 07880)





Matthews v Vivero


2020 NY Slip Op 07880


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-09557
 (Index No. 501770/15)

[*1]Guinette Matthews, appellant, 
v
Michael X. Vivero, et al., respondents.


Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Kevin J. Philbin, New York, NY (Jennifer L. Coviello of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated June 20, 2018. The order denied the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated March 21, 2017, granting the defendants' unopposed motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order dated June 20, 2018, is affirmed, with costs.
In 2015, the plaintiff commenced this action against the defendants to recover damages for personal injuries that she contends that she sustained in a motor vehicle accident in June 2014. Thereafter, the defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The plaintiff failed to oppose the motion. In an order dated March 21, 2017 (hereinafter the March 2017 order), the Supreme Court granted the defendants' unopposed motion for summary judgment dismissing the complaint.
In March 2018, the plaintiff moved pursuant to CPLR 5015(a)(1) to vacate the March 2017 order. By order dated June 20, 2018, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Ki Tae Kim v Bishop, 156 AD3d 776, 777). "The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion" (Ki Tae Kim v Bishop, 156 AD3d at 777). Although a court has discretion to accept law office failure as a reasonable excuse where that claim is supported by a detailed and credible explanation of the default at issue, "mere neglect is not a reasonable excuse" (OneWest Bank, FSB v Singer, 153 AD3d 714, 716).
Here, we agree with the Supreme Court's determination denying the plaintiff's motion [*2]to vacate the March 2017 order since the plaintiff failed to proffer a reasonable excuse for her default in opposing the defendants' motion for summary judgment. The plaintiff's conclusory and undetailed allegation of law office failure—staff changes and a move—did not constitute a reasonable excuse for the default (see Ki Tae Kim v Bishop, 156 AD3d at 777; OneWest Bank, FSB v Singer, 153 AD3d at 716). Further, the plaintiff failed to provide any excuse for the one-year delay in moving to vacate (see Ki Tae Kim v Bishop, 156 AD3d at 777; Betz v Carbone, 126 AD3d 743, 744).
Since the plaintiff failed to demonstrate a reasonable excuse for her default, it is unnecessary to consider whether she demonstrated a potentially meritorious opposition to the defendants' motion for summary judgment (see Seaman v New York Univ., 175 AD3d 1578, 1580).
Accordingly, we affirm the order denying the plaintiff's motion to vacate the March 2017 order.
RIVERA, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court