Abruzzi v Bond Realty, Inc. (2022 NY Slip Op 00156)





Abruzzi v Bond Realty, Inc.


2022 NY Slip Op 00156


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2017-12954
 (Index No. 702780/17)

[*1]Thomas Abruzzi, etc., appellant,
v
Bond Realty, Inc., etc., et al., respondents.


Christopher S. Henn (Martin Katzman, Garden City, NY, of counsel), for appellant.
Lynn, Gartner, Dunne & Covello, LLP, Mineola, NY (Robert P. Lynn, Jr., Kenneth L. Gartner, and Tiffany D. Frigenti of counsel), for respondents Bond Realty, Inc., Bon Realty Corp., Ryan Tessier, Diane Schreiber, Jennifer Abruzzi, Susan Abruzzi, Theresa Abruzzi, and Joseph Abruzzi.
Ganfer Shore Leeds & Zauderer LLP, New York, NY (Mark A. Berman and Dawn M. Wilson of counsel), for respondent GC Cross Bay Realty, LLC.
Hopkins & Kopilow, Garden City, NY (Michael T. Hopkins of counsel), for respondent Domenica Marjorie Centrone.



DECISION & ORDER
In an action, inter alia, for a judgment declaring a deed to certain real property to be void and to recover damages for fraudulent concealment and unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered September 28, 2017. The order granted that branch of the motion of the defendants Bond Realty, Inc., Bon Realty Corp., Ryan Tessier, Diane Schreiber, Jennifer Abruzzi, Susan Abruzzi, Theresa Abruzzi, and Joseph Abruzzi which was for summary judgment dismissing the complaint insofar as asserted against them, granted the separate motion of the defendant GC Cross Bay Realty, LLC, inter alia, to cancel the notice of pendency, and granted the separate motion of the defendant Domenica Majorie Centrone pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her.
ORDERED that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
In 1964, three brothers, Thomas Abruzzi, Pasquale Abruzzi, and Rocco Abruzzi, each owned a one-third interest in a partnership, Bond Motors (hereinafter the partnership), which operated a Ford dealership in Queens. That same year, the three brothers, doing business as the partnership, acquired most of the real property located in Block 14030 on the Tax Map for the Borough of Queens, on which the car dealership was located. In 1967, the three brothers incorporated Bond Motors, Inc. (hereinafter the corporation), and in 1968, executed two deeds transferring part of the aforementioned property to the corporation. The remainder of the property (hereinafter the disputed property) continued to be owned by the partnership pursuant to deeds executed in 1964. Subsequent to its incorporation, a fourth brother, Joseph Abruzzi, became a shareholder in the corporation.
After Pasquale died on March 22, 1969, his will was admitted to probate on August 20, 1969, and Marcella Abruzzi, Pasquale's surviving spouse, was appointed executor of his estate. At the request of the estate's attorney, the property known as Block 14030, located at 160-10 and 160-50 Cross Bay Boulevard, Howard Beach, was appraised as of March 6, 1970, and valued at between $605,000 to $635,000. The estate commenced a lawsuit against the corporation, which was settled by an agreement, dated December 1, 1971, pursuant to which the corporation purchased Pasquale's shares in the corporation from the estate for $135,000. The Federal estate tax return for the estate noted that one-fourth of the outstanding shares of stock of the corporation held by the estate were valued at $135,000 as of the date of Pasquale's death, based upon the settlement reached with the remaining shareholders, the balance sheets for the corporation and the partnership, and the aforementioned appraisal. Schedule B-2 of the estate tax return explained that the $135,000 valuation of the estate's interest in the corporation was arrived at as a result of a stockholders' action and "endless negotiations," and the "reduced value" of the stock was due to the fact that a minority share in the corporation was "relatively worthless," and there was "no other outlet for [the] stock."
In 1992, a deed dated December 28, 1992, was created and filed purporting to transfer the disputed property from the partnership to the corporation (hereinafter the 1992 deed). The 1992 deed was signed by Thomas and Rocco, and someone placed Pasquale's signature on the 1992 deed despite the fact that he had been dead for approximately 23 years. All the signatures on the 1992 deed were notarized by the defendant Domenica Majorie Centrone. In 2016, the two lots currently comprising the entirety of Block 14030 of the Tax Map for the Borough of Queens were transferred to the defendant GC Cross Bay Realty, LLC (hereinafter GC Cross Bay Realty) .
In 2017, Paul Abruzzi, as administrator c.t.a. of the estate of Pasquale Abruzzi, commenced this action against GC Cross Bay Realty, Centrone, and Bond Realty, Inc., formerly known as the corporation, Bon Realty Corp., Ryan Tessier, as executor of the estate of Thomas Abruzzi, Diane Schreiber, as executor of the estate of Rocco Joseph Abruzzi, Jennifer Abruzzi, Susan Abruzzi, Theresa Abruzzi, and Joseph Abruzzi (hereinafter collectively the Abruzzi defendants), inter alia, for a judgment declaring the 1992 deed purportedly signed by Pasquale null and void as to Pasquale's interest in the disputed property, and to recover damages for fraudulent concealment and unjust enrichment against the Abruzzi defendants and Centrone. The plaintiff also filed a notice of pendency against the entirety of Lots 6 and 20 of Block 14030.
GC Cross Bay Realty moved, among other things, to cancel the notice of pendency. The Abruzzi defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. Centrone moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her. In the order appealed from, the Supreme Court, among other things, granted that branch of the Abruzzi defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them, granted that branch of GC Cross Bay Realty's motion which was to vacate the notice of pendency, and granted Centrone's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her. The plaintiff appeals.
While this appeal was pending, the plaintiff Paul Abruzzi died. By decision and order on application dated December 4, 2020, Thomas Abruzzi, as administrator of the estate of Pasquale Abruzzi, was substituted for Paul Abruzzi, deceased administrator of the estate, and the caption was amended accordingly.
Pursuant to Partnership Law § 51(1), "[a] partner is co-owner with his partners of specific partnership property holding as a tenant in partnership." On the death of a partner his or her right in specific partnership property vests in the surviving partner or partners (see id. § 51[2][d]; Neilson v 6D Farm Corp., 123 AD3d 676, 678). The representative of a deceased partner is not entitled to participate in or interfere with the continuation of or winding up of partnership business by the surviving partner (see Neilson v 6D Farm Corp., 123 AD3d at 678; Fogel v Neiman, 288 AD2d 429, 430).
The Supreme Court properly granted that branch of the Abruzzi defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. The [*2]Abruzzi defendants established, prima facie, that the disputed property was held by the three brothers, Thomas, Rocco, and Pasquale, as tenants in partnership, and therefore, upon Pasquale's death in 1969, his interest vested in Rocco and Thomas, the surviving partners of the partnership; and Pasquale's estate was not entitled to, and never acquired, any interest Pasquale may have had in the disputed property prior to his death. Moreover, under the circumstances, Pasquale's alleged signature on the 1992 deed has no significance, as at that point in time, his interest in the disputed property had already vested in the remaining partners, Thomas and Rocco. Further, while a forged deed is void ab initio (see Faison v Lewis, 25 NY3d 220, 225), here, the plaintiff was not aggrieved by the 1992 forged deed, and therefore, does not have standing to bring an action for a judgment declaring said 1992 deed void ab initio on behalf of the estate. For the same reasons, the Abruzzi defendants established their entitlement to summary judgment dismissing the causes of action seeking to recover damages for fraudulent concealment and unjust enrichment insofar as asserted against them. In opposition, the plaintiff failed to raise a triable issue of fact.
Moreover, based on the foregoing, the Supreme Court properly granted Centrone's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her.
Additionally, the Supreme Court properly granted that branch of the motion of GC Cross Bay Realty which was to cancel the notice of pendency (see Raimonda v Cahn, 26 AD2d 939, 939).
Furthermore, contrary to the plaintiff's contention, the defendants' motions were not premature, as the plaintiff failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence, or that facts essential to opposing the motions were exclusively within the knowledge and control of the defendants (see CPLR 3212[f]; 3211[d]; Niyazov v Hunter EMS, Inc., 154 AD3d 954, 955; Kimyagarov v Nixon Taxi Corp., 45 AD3d 736, 737).
The plaintiff's remaining contentions are without merit.
DILLON, J.P., IANNACCI, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court