Matter of Maya Assur. Co. v Zheng (2022 NY Slip Op 04630)

Matter of Maya Assur. Co. v Zheng

2022 NY Slip Op 04630

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
PAUL WOOTEN, JJ.

2019-12052
 (Index No. 705581/15)

[*1]In the Matter of Maya Assurance Company, respondent, 
v
Long Sheng Zheng, appellant.

Napoli Shkolnik PLLC, Melville, NY (Nicholas R. Farnolo of counsel), for appellant.
The Noll Law Firm, P.C., Syosset, NY (Richard E. Noll of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to stay arbitration of a claim for uninsured motorist benefits, Long Sheng Zheng appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered September 24, 2019. The order denied the motion of Long Sheng Zheng pursuant to CPLR 5015(a)(1) to vacate a judgment of the same court (Thomas D. Raffaele, J.) entered January 19, 2016, granting the petition upon his failure to appear or answer the petition.
ORDERED that the order is affirmed, with costs.
On July 14, 2012, Long Sheng Zheng (hereinafter the appellant), a taxi driver, was in his taxi when his vehicle allegedly was struck by another vehicle. In May 2015, the appellant filed a demand for arbitration against his insurer, the petitioner, of his claim for benefits under the uninsured motorist endorsement of the policy issued to him by the petitioner. The petitioner then filed a petition to stay the arbitration. The appellant failed to appear or answer the petition. In a judgment entered January 19, 2016, the Supreme Court granted the petition.
In July 2019, the appellant moved pursuant to CPLR 5015(a)(1) to vacate the judgment entered January 19, 2016, upon his failure to appear or answer the petition. In an order entered September 24, 2019, the Supreme Court denied the motion.
To obtain relief from his default pursuant to CPLR 5015(a)(1), the appellant was required to show both a reasonable excuse for the default and a potentially meritorious defense to the petition (see Matter of Liberty Mut. Ins. Co. v Fiduciary Ins. Co. of Am., 111 AD3d 731, 732). A motion to vacate a default is addressed to the sound discretion of the Supreme Court (see Ackerman v Berkowitz, 175 AD3d 641, 641). "While law office failure can be accepted as a reasonable excuse in the exercise of a court's sound discretion, the movant must submit supporting facts to explain and justify the default, and mere neglect is not accepted as a reasonable excuse" (Ogunmoyin v 1515 Broadway Fee Owner, LLC, 85 AD3d 991, 992).
Here, the Supreme Court providently exercised its discretion in finding that the appellant did not establish a reasonable excuse for the default (see Bank of Am., N.A. v Murjani, 199 AD3d 630, 631; Matthews v Vivero, 189 AD3d 1389; Pawoor Kim v Xin Chen, 189 AD3d 1061, [*2]1062; Chowdhury v Weldon, 185 AD3d 649). The appellant's counsel's affirmation in support of the motion to vacate the default contained conclusory allegations of law office failure based upon an attorney leaving the firm (see Ki Tae Kim v Bishop, 156 AD3d 776, 777). Further, the appellant did not provide a reasonable excuse for the more than three-year delay in moving to vacate his default (see Pawoor Kim v Xin Chen, 189 AD3d at 1062; Chowdhury v Weldon, 185 AD3d 649; Ki Tae Kim v Bishop, 156 AD3d at 777).
Since the appellant failed to demonstrate a reasonable excuse for his default, it is unnecessary to consider whether he demonstrated a potentially meritorious defense to the petition (see Matthews v Vivero, 189 AD3d at 1390).
The appellant's remaining contentions do not warrant reversal.
Accordingly, the Supreme Court providently exercised its discretion in denying the appellant's motion pursuant to CPLR 5015(a)(1) to vacate the judgment entered January 19, 2016, upon his failure to appear or answer the petition.
DILLON, J.P., IANNACCI, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court