251 Gotham, LLC v Bank of N.Y. Mellon (2022 NY Slip Op 04887)

251 Gotham, LLC v Bank of N.Y. Mellon

2022 NY Slip Op 04887

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2021-01772
 (Index No. 606566/18)

[*1]251 Gotham, LLC, respondent, 
v
Bank of New York Mellon, etc., defendant, Deutsche Bank National Trust Company, etc., appellant.

Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Megan K. McNamara, Hillary Prada, and Rajdai Singh of counsel), for appellant.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record two mortgages, the defendant Deutsche Bank National Trust Company appeals from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered November 23, 2020. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 5015(a)(1) to vacate so much of a judgment of the same court entered January 28, 2019, as, upon its failure to appear or answer the complaint, was in favor of the plaintiff and against it, and thereupon, to dismiss the complaint insofar as asserted against it, or, in the alternative, for leave to serve a late answer.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In May 2018, the plaintiff commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record two mortgages. The defendant Deutsche Bank National Trust Company (hereinafter Deutsche Bank) failed to appear or answer the complaint. On January 28, 2019, a judgment was entered in favor of the plaintiff and against the defendants. Subsequently, Deutsche Bank moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate so much of the judgment as, upon its failure to appear or answer the complaint, was in favor of the plaintiff and against it and thereupon, to dismiss the complaint insofar as asserted against it, or, in the alternative, for leave to serve a late answer. In an order entered November 23, 2020, the Supreme Court, among other things, denied those branches of Deutsche Bank's motion. Deutsche Bank appeals.
"A defendant seeking to vacate a default in appearing in the action or answering the complaint must show both a reasonable excuse for the default and a potentially meritorious defense" (Wells Fargo Bank, N.A. v Hyun Jung Kim, 189 AD3d 1673, 1674; see CPLR 5015[a][1]; Hairston v Marcus Garvey Residential Rehab Pavilion, Inc., 163 AD3d 530, 531). Here, Deutsche Bank failed to offer a reasonable excuse for its failure to appear or answer the complaint (see Board of Mgrs. of Harborview Condominium v Goodman, 189 AD3d 1529, 1530-1531; Chowdhury v Weldon, 185 AD3d 649, 650; Deep v City of New York, 183 AD3d 586, 587). Moreover, Deutsche Bank did not provide a reasonable excuse for its delay of almost one year in moving to vacate the judgment (see Nanas v Govas, 176 AD3d 956, 957; Ki Tae Kim v Bishop, 156 AD3d 776, 777; Prudence v White, 144 AD3d 655, 656). Since Deutsche Bank failed to demonstrate a reasonable excuse for its [*2]default, it is unnecessary to determine whether it demonstrated the existence of a potentially meritorious defense (see Wells Fargo Bank, N.A. v Hyun Jung Kim, 189 AD3d at 1674; Nanas v Govas, 176 AD3d at 957).
Accordingly, the Supreme Court providently exercised its discretion in denying that branch of Deutsche Bank's motion which was pursuant to CPLR 5015(a)(1) to vacate so much of the judgment as was in favor of the plaintiff and against it.
Deutsche Bank's remaining contentions either are not properly before this Court or need not be reached in light of our determination.
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court