Wells Fargo Bank, N.A. v Elsman (2025 NY Slip Op 04503)

Wells Fargo Bank, N.A. v Elsman

2025 NY Slip Op 04503

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-03700
 (Index No. 4900/12)

[*1]Wells Fargo Bank, N.A., plaintiff, 
v
Kenneth M. Elsman, respondent, et al., defendants; U.S. Bank Trust, N.A., etc., nonparty-appellant.

Druckman Law Group PLLC, Westbury, NY (Maria Sideris of counsel), for nonparty-appellant.
James J. Quail & Associates, P.C., Massapequa, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty U.S. Bank Trust, N.A., appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered March 3, 2023. The order denied the motion of nonparty U.S. Bank Trust, N.A., pursuant to CPLR 5015(a) to vacate an order of the same court entered May 26, 2022, granting the unopposed motion of the defendant Kenneth M. Elsman pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him and for an award of attorneys' fees, and a judgment of the same court dated September 27, 2022, awarding that defendant attorneys' fees in the sum of $10,000.
ORDERED that the order entered March 3, 2023, is affirmed, with costs.
In April 2012, Wells Fargo Bank, N.A.(hereinafter Wells Fargo), commenced this action to foreclose a mortgage against the defendant Kenneth M. Elsman (hereinafter the defendant), among others. In his answer, the defendant alleged that Wells Fargo lacked standing.
In April 2015, the mortgage was assigned to U.S. Bank Trust, N.A. (hereinafter U.S. Bank).
On January 7, 2021, the defendant moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him on the ground that Wells Fargo lacked standing and for an award of attorneys' fees, for which he submitted receipts. According to an eCourts printout, the return date on the motion was repeatedly adjourned, and the motion was marked "Fully Submitted - No Opposition" on May 18, 2022. In an order entered May 26, 2022, the Supreme Court granted the defendant's unopposed motion. In a judgment dated September 27, 2022, the court awarded the defendant attorneys' fees in the sum of $10,000, which the court had found to be a reasonable amount.
In November 2022, U.S. Bank moved pursuant to CPLR 5015(a) to vacate the order entered May 26, 2022, and the judgment. In an attorney affirmation in support of its motion, U.S. Bank argued that it had a reasonable excuse for its failure to oppose the defendant's motion. U.S. Bank relied on the affirmation of Linda Buonomo, the director of default operations of U.S. Bank's law firm, Druckman Law Group, PLLC (hereinafter Druckman). Buonomo stated that she was familiar with Druckman's records and record-keeping practices. She stated in relevant part that she had "reviewed the internal file maintained at Druckman and ascertained that the paralegal in charge [*2]of following open motions failed to update that opposition was due. She is no longer employed by this firm."
In an order entered March 3, 2023, the Supreme Court denied U.S. Bank's motion. U.S. Bank appeals.
The Supreme Court properly denied U.S. Bank's motion to vacate the order entered May 26, 2022, and the judgment. A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see id. § 5015[a][1]; NYCTL 1998-2 Trust v DR 226 Holdings, LLC, 192 AD3d 900). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886, 886). Here, U.S. Bank's conclusory and unsubstantiated allegations of law office failure did not constitute a reasonable excuse for the default (see Chowdhury v Weldon, 185 AD3d 649, 650). Moreover, the return date of the defendant's motion was adjourned for almost 1½ years, and U.S. Bank offered no explanation as to why it failed to respond to the motion during that time (see Ki Tae Kim v Bishop, 156 AD3d 776, 777). U.S. Bank also failed to explain its more than five-month delay in moving to vacate its default (see id.).
Since U.S. Bank failed to proffer a reasonable excuse for its default, this Court need not address whether it demonstrated a potentially meritorious opposition to the defendant's motion (see HSBC Bank USA, N.A. v Scivoletti, 212 AD3d 600, 603).
Accordingly, the Supreme Court properly denied U.S. Bank's motion pursuant to CPLR 5015(a) to vacate the order entered May 26, 2022, and the judgment.
CONNOLLY, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court