Horio Realty Corp. v Hunts Point Flower Mkt., Inc. (2020 NY Slip Op 01480)





Horio Realty Corp. v Hunts Point Flower Mkt., Inc.


2020 NY Slip Op 01480


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-13640
 (Index No. 1466/15)

[*1]Horio Realty Corp., respondent, et al., plaintiff,
v
Hunts Point Flower Market, Inc., et al., defendants, Elton Heri, appellant.


Morrison Cohen LLP, New York, NY (Y. David Scharf, Christopher Milito, and Joaquin Ezcurra of counsel), for appellant.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone LLP, Brooklyn, NY (Andrea J. Caruso of counsel), for respondent.



DECISION & ORDER
In an action to set aside a judicial sale of real property, the defendant Elton Heri appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated September 14, 2018. The order denied that defendant's motion pursuant to CPLR 5015(a) to vacate (1) an order of the same court dated June 9, 2017, inter alia, granting the motion of the plaintiff Horio Realty Corp. for summary judgment on the complaint, upon that defendant's default in appearing for oral argument, and (2) an order of the same court dated December 21, 2017, which, inter alia, vacated the judicial sale of the subject property.
ORDERED that the order dated September 14, 2018, is reversed, on the law and in the exercise of discretion, with costs, and the motion of the defendant Elton Heri pursuant to CPLR 5015(a) to vacate the orders dated June 9, 2017, and December 21, 2017, is granted.
In November 2014, the defendant Elton Heri purchased real property located on 18th Avenue in Brooklyn (hereinafter the subject property) at a judicial sale. Subsequently, the plaintiffs commenced this action to vacate the judicial sale of the subject property, alleging that the sale was defective for lack of notice, and that the purchase price paid by Heri was unconscionable.
The plaintiff Horio Realty Corp. (hereinafter Horio) moved for summary judgment on the complaint, and Heri cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against him. The motion and the cross motion were fully briefed, and the parties stipulated to a return date of June 16, 2017, for the Supreme Court to hear oral argument. It is undisputed that thereafter, the court, sua sponte, moved the return date up one week, to June 9, 2017, and did not notify the parties. Despite the lack of notice, counsel for Horio appeared in court on June 9, 2017, but Heri's counsel failed to appear.
In an order dated June 9, 2017, the Supreme Court, inter alia, granted Horio's motion for summary judgment on the complaint, upon Heri's default in appearing for oral argument. Subsequently, in an order dated December 21, 2017, the court, among other things, vacated the judicial sale of the subject property. Heri moved pursuant to CPLR 5015(a) to vacate the orders [*2]dated June 9, 2017, and December 21, 2017. In an order dated September 14, 2018, the court denied Heri's motion. Heri appeals.
To vacate his default in appearing for oral argument, Heri was required to demonstrate a reasonable excuse for his default and a potentially meritorious defense to Horio's motion (see CPLR 5015[a][1]; Gately v Drummond, 161 AD3d 947, 948; Needleman v Tornheim, 106 AD3d 707, 708). Whether an excuse is reasonable is a determination within the sound discretion of the court (see Young Su Hwangbo v Nastro, 153 AD3d 963, 965), and the court has the discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where that claim is supported by a detailed and credible explanation of the default at issue (see Sarcona v J & J Air Container Sta., Inc., 111 AD3d 914, 915; Swensen v MV Transp., Inc., 89 AD3d 924, 925; Henry v Kuveke, 9 AD3d 476, 479).
Here, the affidavits and documentary evidence submitted by Heri in support of his motion set forth a detailed and credible explanation for his counsel's failure to appear at oral argument (see Gately v Drummond, 161 AD3d at 948; Swensen v MV Transp., Inc., 89 AD3d at 925). Moreover, his evidentiary submissions established a potentially meritorious defense to Horio's motion (see Needleman v Tornheim, 106 AD3d at 708).
Accordingly, the Supreme Court should have granted Heri's motion to vacate the orders entered upon his default.
Heri's remaining contentions either are without merit or need not be reached in light of our determination.
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court