Bank of Am., N.A. v Russell (2021 NY Slip Op 04592)





Bank of Am., N.A. v Russell


2021 NY Slip Op 04592


Decided on August 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-07322
 (Index No. 13046/09)

[*1]Bank of America, N.A., etc., respondent,
v
Roxanne Russell, etc., appellant, et al., defendants.


Ransford B. McKenzie, Brooklyn, NY, for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Roxanne Russell appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated April 17, 2017. The order denied the motion of that defendant, in effect, to vacate her default in appearing on the return date of the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against her and for an order of reference, and to restore to the calendar her cross motion, inter alia, to dismiss the complaint insofar as asserted against her and to void the loan pursuant to Banking Law § 6-l.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage on May 28, 2009. On June 6, 2016, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Roxanne Russell (hereinafter the defendant) and for an order of reference. The motion was made returnable on July 15, 2016, but was administratively adjourned to August 1, 2016. On July 27, 2016, the defendant served a cross motion, among other things, to dismiss the complaint insofar as asserted against her and to void the loan pursuant to Banking Law § 6-l. However, the defendant failed to appear on the return date on August 1, 2016. As a result, the Supreme Court granted the plaintiff's motion and "marked off" the defendant's cross motion. In September 2016, the defendant moved, in effect, to vacate her default in appearing on the return date and to restore her cross motion to the calendar. In an affirmation in support, the defendant's counsel stated that he was unable to appear at the calendar call of August 1, 2016, because he was out of the country, and that he asked a colleague to cover the appearance, but the unidentified colleague was unable to do so. In an order dated April 17, 2017, the court denied the defendant's motion. The defendant appeals.
A party seeking to vacate a default in appearing on the return date of a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action or defense (see CPLR 5015[a][1]; Bank of N.Y. Mellon v Faragalla, 174 AD3d 677, 678; Thomas v Avalon Gardens Rehabilitation & Health Care Ctr., 107 AD3d 694). "Although a court has the discretion to accept law office failure as a reasonable excuse (see CPLR 2005), a conclusory, undetailed, and uncorroborated claim of law office failure does not amount to reasonable excuse" [*2](Eastern Sav. Bank, FSB v Charles, 103 AD3d 683, 684). Here, the defendant's claim of law office failure was unsubstantiated and, under the circumstances, did not constitute a reasonable excuse. Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's motion, in effect, to vacate her default in appearing on the return date and to restore her cross motion to the calendar.
In light of the foregoing, the defendant's remaining contentions are academic.
DILLON, J.P., AUSTIN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court