American Brokers Conduit v Zamalloa (2022 NY Slip Op 04145)

American Brokers Conduit v Zamalloa

2022 NY Slip Op 04145

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-02238
 (Index No. 7206/07)

[*1]American Brokers Conduit, etc., appellant,
v
Heidy Zamalloa, respondent, et al., defendants.

Blank Rome, LLP, New York, NY (Andrea M. Roberts and Diana M. Eng of counsel), for appellant.
Young Law Group, PLLC, Bohemia, NY (Justin F. Pane of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated November 13, 2019. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 5015(a)(1) to vacate a prior order of the same court dated August 8, 2018, inter alia, in effect, granting that branch of the motion of the defendant Heidy Zamalloa which was to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, and to restore the action to the active calendar.
ORDERED that the order dated November 13, 2019, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action in February 2007 against the defendant Heidy Zamalloa (hereinafter the defendant), among others, to foreclose two mortgages encumbering certain real property located in Brooklyn. In an order dated October 15, 2013, the Supreme Court, inter alia, directed dismissal of the complaint without prejudice upon the plaintiff's failure to appear at a status conference. The plaintiff moved pursuant to CPLR 2221(a) to vacate the order dated October 15, 2013, and to restore the action to the active calendar. In an order dated January 31, 2018, issued upon the defendant's default in opposing the motion, the court granted the plaintiff's motion.
Thereafter, by notice of motion dated April 17, 2018, the defendant moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the order dated January 31, 2018, and thereupon to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. The motion was made returnable on May 9, 2018, and subsequently adjourned on consent by stipulation of the plaintiff and the defendant to June 13, 2018. The plaintiff served papers in opposition to the motion, but failed to appear on the June 13, 2018 return date. In an order dated August 8, 2018, issued upon the plaintiff's default in appearing, the Supreme Court, in effect, granted that branch of the defendant's motion which was pursuant to CPLR 5015(a)(1) to vacate the order dated January 31, 2018, and thereupon to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. By notice of motion dated September 24, 2019, the plaintiff moved, among other things, pursuant to CPLR 5015(a)(1) to vacate the order dated August 8, 2018, and to restore the action to the active calendar. In an order dated November 13, 2019, the court, among other things, denied the plaintiff's motion, and the plaintiff appeals.
A party seeking to vacate an order entered upon its default in appearing on the return date of a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Bank of Am., N.A. v Russell, 197 AD3d 448, 448; Horio Realty Corp. v Hunts Point Flower Mkt., Inc., 181 AD3d 571, 572; Thomas v Avalon Gardens Rehabilitation & Health Care Ctr., 107 AD3d 694, 694). The determination of whether an excuse is reasonable lies within the sound discretion of the court (see Horio Realty Corp. v Hunts Point Flower Mkt., Inc., 181 AD3d at 572; Young Su Hwangbo v Nastro, 153 AD3d 963, 965). "[A] court has the discretion to accept law office failure as a reasonable excuse where that claim is supported by a detailed and credible explanation of the default at issue" (Horio Realty Corp. v Hunts Point Flower Mkt., Inc., 181 AD3d at 572 [citation omitted]; see CPLR 2005; Sarcona v J & J Air Container Sta., Inc., 111 AD3d 914, 915). However, "a conclusory, undetailed, and uncorroborated claim of law office failure does not amount to a reasonable excuse" (Bank of Am., N.A. v Russell, 197 AD3d at 449 [internal quotation marks omitted]; see Thomas v Avalon Gardens Rehabilitation & Health Care Ctr., 107 AD3d at 695).
Here, the plaintiff failed to demonstrate a reasonable excuse for its attorney's failure to appear on the return date of the defendant's motion which resulted in the order dated August 8, 2018 (see Bank of Am., N.A. v Russell, 197 AD3d at 449; Thomas v Avalon Gardens Rehabilitation & Health Care Ctr., 107 AD3d at 695; Eastern Sav. Bank, FSB v Charles, 103 AD3d 683, 684; cf. Jackson v Kothuru, 183 AD3d 707, 708-709). Inasmuch as the plaintiff failed to demonstrate a reasonable excuse for its default, this Court need not consider whether it offered a potentially meritorious opposition to the defendant's motion (see Wells Fargo Bank, N.A. v Syed, 160 AD3d 914, 915). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was pursuant to CPLR 5015(a)(1) to vacate the order dated August 8, 2018, and to restore the action to the active calendar.
BRATHWAITE NELSON, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court