Delucia v Mar Lbr. Co., Inc. (2022 NY Slip Op 06109)

Delucia v Mar Lbr. Co., Inc.

2022 NY Slip Op 06109

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2021-04935
 (Index No. 503206/18)

[*1]Gillian Delucia, appellant, 
v
Mar Lumber Co., Inc., et al., respondents, et al., defendant.

Raskin & Kremins, LLP, New York, NY (Michael Kremins of counsel), for appellant.
Cullen & Dykman, LLP, Garden City, NY (Nicholas M. Cardascia of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated June 28, 2021. The order denied the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated February 5, 2020, granting the unopposed motion of the defendants Mar Lumber Co., Inc., and Enrico J. Gatto for summary judgment dismissing the complaint insofar as asserted against them, and thereupon to restore the matter to the motion calendar and permit the plaintiff to oppose those defendants' motion on the merits.
ORDERED that the order dated June 28, 2021, is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries against the defendants Mar Lumber Co., Inc. (hereinafter Mar), and Enrico J. Gatto (hereinafter together the defendants), among others. The plaintiff alleged that she was injured when she slipped and fell down an interior stairwell of a building in Brooklyn owned by the defendants. By notice of motion dated October 22, 2019, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The defendants' motion was initially returnable on November 21, 2019, but it was adjourned to December 4, 2019, and adjourned again to February 5, 2020, to allow the plaintiff to file opposition. The plaintiff did not file opposition to the motion during that time, and
did not appear on the return date. In an order dated February 5, 2020, the Supreme Court granted the motion on the ground that there was no opposition. Thereafter, by notice of motion dated December 23, 2020, the plaintiff moved pursuant to CPLR 5015(a)(1) to vacate the February 5, 2020 order, and thereupon to restore the matter to the motion calendar and permit the plaintiff to oppose the defendants' motion on the merits. In an order dated June 28, 2021, the court denied the plaintiff's motion. The plaintiff appeals.
A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion (see id.; Ki Tae Kim v Bishop, 156 AD3d 776, 777). "The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion" (Ki Tae Kim v Bishop, 156 AD3d at 777). "Although a court has discretion to accept law office failure as a reasonable excuse where that claim is supported by a detailed and credible explanation of the default at issue, [*2]'mere neglect is not a reasonable excuse'" (Matthews v Vivero, 189 AD3d 1389, 1390, quoting OneWest Bank, FSB v Singer, 153 AD3d 714, 716). In determining whether a proffered excuse is reasonable, the court may also consider a party's delay in moving to vacate the default (see Maruf v E.B. Mgt. Props., LLC, 181 AD3d 670, 672).
Here, the plaintiff failed to proffer a reasonable excuse for failing to oppose the defendants' motion for summary judgment for more than 2½ months while that motion was pending, and failing to appear on the return date. The assertion of the plaintiff's counsel that she missed two calendar calls because she was simultaneously appearing on another matter in the same courthouse did not constitute a reasonable excuse for the default (see Bank of Am., N.A. v Russell, 197 AD3d 448, 449; Ki Tae Kim v Bishop, 156 AD3d at 777). Furthermore, the plaintiff failed to provide any excuse for the delay in moving to vacate her default, as she did not file the motion for approximately nine months after the notice of entry of the February 5, 2020 order, and seven months after e-filings were reopened in May 2020 during the COVID-19 pandemic (see Nanas v Govas, 176 AD3d 956, 957; Betz v Carbone, 126 AD3d 743, 744).
Since the plaintiff failed to demonstrate a reasonable excuse for her default, it is unnecessary to consider whether she demonstrated a potentially meritorious opposition to the defendants' motion for summary judgment (see U.S. Bank, N.A. v Blagman, 188 AD3d 1284, 1285).
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion, inter alia, pursuant to CPLR 5015(a)(1) to vacate the February 5, 2020 order.
IANNACCI, J.P., WOOTEN, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court