Wade v Cojab (2023 NY Slip Op 04230)

Wade v Cojab

2023 NY Slip Op 04230

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-05734
 (Index No. 519168/16)

[*1]Philbert Wade, appellant, 
v
Solomon Cojab, et al., respondents, et al., defendant.

Eric H. Green (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York, NY (Paul M. Tarr of counsel), for respondents Salomon Cojab, Salomon Cojab, doing business as Code Realty Corp., and Code Realty Corp.
Alan J. Wohlberg, Brooklyn, NY, for respondent Frisben Realty Corp.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 23, 2020. The order denied the plaintiff's motion, in effect, pursuant to CPLR 5015(a) to vacate an order of the same court (Lizette Colon, J.) dated February 10, 2020, granting those branches of the separate motions of the defendants Salomon Cojab, Salomon Cojab, doing business as Code Realty Corp., and Code Realty Corp. and the defendant Frisben Realty Corp. which were pursuant to CPLR 3126(3) to strike the complaint insofar as asserted against each of them, and thereupon to reinstate the action to the court's calendar.
ORDERED that the order dated June 23, 2020, is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained as a result of a slip and fall on black ice in the parking lot of an AutoZone store where he worked. The defendants Salomon Cojab, Salomon Cojab, doing business as Code Realty Corp., and Code Realty Corp. (hereinafter collectively the Cojab defendants), and the defendant Frisben Realty Corp. (hereinafter Frisben) separately moved, inter alia, pursuant to CPLR 3126(3) to strike the complaint insofar as asserted against each of them as a sanction for the plaintiff's failure to comply with a prior discovery order dated February 7, 2019. In an order dated February 10, 2020, the Supreme Court granted those branches of the separate motions, upon the plaintiff's default in failing to appear on the return date of the motions. The plaintiff then moved, in effect, pursuant to CPLR 5015(a) to vacate the February 10, 2020 order, and thereupon to reinstate the action to the court's calendar. The court denied the plaintiff's motion by order dated June 23, 2020. The plaintiff appeals. We affirm.
"A party seeking to vacate [pursuant to CPLR 5015(a)(1)] an order entered upon his [*2]or her default in opposing a motion must demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion" (DeLucia v Mar Lbr. Co., Inc., 210 AD3d 636, 637; see Melamed v Adams & Co. Real Estate, LLC, 208 AD3d 867, 868). The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court (see Bank of N.Y. Mellon v Faragalla, 174 AD3d 677, 678; Mid-Hudson Props., Inc. v Klein, 167 AD3d 862, 864).
Here, the Supreme Court's rejection of the plaintiff's proffered excuse for failing to appear on the return date of the Cojab defendants' and Frisben's motions, that counsel was engaged in another matter, was a provident exercise of its discretion under the circumstances presented herein (see Delucia v Mar Lbr. Co., Inc., 210 AD3d at 638; King v Daniel Shoes, Inc., 180 AD3d 883, 884).
In any event, assuming that there was a reasonable excuse for the plaintiff's default in appearing on the return date of the Cojob defendants' and Frisben's motions, the plaintiff failed to establish a potentially meritorious opposition to the motions (see Follors v TI Ozone Park Stor., LLC, 209 AD3d 843, 845; Xin Zheng Zhan v City of New York, 199 AD3d 1045, 1046).
"'However, CPLR 5015(a) does not provide an exhaustive list as to when a default judgment [or order] may be vacated, and a court may vacate its own judgment [or order] for sufficient reason and in the interests of substantial justice'" (JPMorgan Chase Bank, N.A. v Dev, 176 AD3d 691, 692, quoting 40 BP, LLC v Katatikarn, 147 AD3d 710, 711; see Hudson City Sav. Bank v Cohen, 120 AD3d 1304, 1305). "Although the Supreme Court retains the inherent discretionary power to relieve a party from a judgment [or order] for sufficient reason and in the interest of substantial justice, this power is not plenary and should only be exercised to grant relief where a judgment [or order] was taken through fraud, mistake, inadvertence, surprise, or excusable neglect" (Wells Fargo Bank, N.A. v Hyun Jung Kim, 189 AD3d 1673, 1674-1675; see Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742; JPMorgan Chase Bank, N.A. v Dev, 176 AD3d at 692). Here, the plaintiff failed to provide any evidence of fraud, mistake, inadvertence, surprise, or excusable neglect that would constitute a basis for vacating the February 10, 2020 order (see NYCTL 2016-A Trust v Eckford-Greenpoint, LLC, 212 AD3d 731; Diaz v Wyckoff Hgts. Med. Ctr., 148 AD3d 778).
Accordingly, the Supreme Court correctly denied the plaintiff's motion, inter alia, in effect, pursuant to CPLR 5015(a) to vacate the February 10, 2020 order.
DILLON, J.P., MALTESE, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court