U.S. Bank Trust, N.A. v Aulder (2023 NY Slip Op 04229)

U.S. Bank Trust, N.A. v Aulder

2023 NY Slip Op 04229

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2020-03655
 (Index No. 714870/16)

[*1]U.S. Bank Trust, N.A., etc., respondent, 
v
Clifton Aulder, et al., defendants, Nathalie Edwards, etc., appellant.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Stern & Eisenberg, P.C., Depew, NY (Arsenio Rodriguez of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Nathalie Edwards appeals from a judgment of foreclosure and sale of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), dated February 26, 2020. The judgment of foreclosure and sale, upon an order of the same court dated June 17, 2019, inter alia, granting those branches of the unopposed plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Nathalie Edwards, to strike that defendant's answer, and for an order of reference, and upon an order of the same court dated January 22, 2020, granting the plaintiff's motion for a judgment of foreclosure and sale, among other things, and denying those branches of the cross-motion of the defendant Nathalie Edwards which were to dismiss the complaint for failure to strictly comply with RPAPL 1304, and pursuant to CPLR 5015(a)(1) to vacate the order dated June 17, 2019, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
On April 23, 2008, the defendant Nathalie Edwards (hereinafter the defendant), along with the codefendants Clifford Aulder and Hollis Denzine, executed a note in the sum of $558,554 in favor of Patriot One Mortgage Bankers, LLC (hereinafter Patriot One). The note was secured by a mortgage on certain real property located in Queens. In December 2016, the plaintiff, the successor-in-interest to Patriot One, commenced this action to foreclose the mortgage.
In July 2018, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant failed to appear on the return date of the motion. By order dated June 17, 2019, the Supreme Court granted the plaintiff's motion without opposition.
In September 2019, the plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The defendant cross-moved, inter alia, for an order dismissing the complaint for failure to strictly comply with RPAPL 1304 or, in the alternative, pursuant to CPLR 5015(a)(1) to vacate the order dated June 17, 2019. The defendant also opposed the plaintiff's motion, arguing that the referee's report was improperly issued without a hearing and [*2]was based on inadmissible evidence. In an order dated January 22, 2020, the Supreme Court granted the plaintiff's motion and denied the defendant's cross-motion. In a judgment of foreclosure and sale dated February 26, 2020, the court, upon the orders dated June 17, 2019, and January 22, 2020, confirmed the referee's report and directed the sale of the subject property. The defendant appeals.
The Supreme Court providently exercised its discretion in denying that branch of the defendant's cross-motion which was pursuant to CPLR 5015(a)(1) to vacate the order dated June 17, 2019. "A party seeking to vacate a default in appearing on the return date of a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action or defense" (Bank of Am., N.A. v Russell, 197 AD3d 448, 448; see Delucia v Mar Lbr. Co., Inc., 210 AD3d 636, 637). "The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion" (Ki Tae Kim v Bishop, 156 AD3d 776, 777; see Delucia v Mar Lbr. Co., Inc., 210 AD3d at 637). The court "has discretion to accept law office failure as a reasonable excuse where that claim is supported by a detailed and credible explanation of the default at issue" (Ki Tae Kim v Bishop, 156 AD3d at 777 [citation omitted]; see Nationstar Mtge., LLC v Mandel, 208 AD3d 668, 669). Here, however, the defendant's excuse of law office failure was vague and conclusory and, thus, did not constitute a reasonable excuse for failing to appear on the return date of the plaintiff's motion, inter alia, for summary judgment (see Delucia v Mar Lbr. Co., Inc., 210 AD3d at 638; Bank of Am., N.A. v Russell, 197 AD3d at 449; Ibrahim v Nablus Sweets Corp., 161 AD3d 961, 964). Because the defendant failed to demonstrate a reasonable excuse for failing to appear on the return date, it is unnecessary to determine whether she demonstrated a potentially meritorious opposition to the motion (see Weidler v MERSCORP Holdings, Inc., 208 AD3d 922, 924; U.S. Bank N.A. v Jackman, 192 AD3d 1180, 1181).
Furthermore, the Supreme Court properly denied that branch of the defendant's cross-motion which was to dismiss the complaint for failure to strictly comply with RPAPL 1304. "The defendant is precluded from raising arguments regarding . . . RPAPL 1304 which are nonjurisdictional and cannot be raised without first vacating her default" (Wilmington Trust, N.A. v Ashe, 189 AD3d 1130, 1132; see Citimortgage, Inc. v Pierce, 203 AD3d 878, 880; see generally Delucia v Mar Lbr. Co., Inc., 210 AD3d at 638).
Contrary to the defendant's contention, the referee was not required to hold a hearing. Here, the order dated June 17, 2019, granting summary judgment to the plaintiff and appointing a referee, stated that the referee was not required to notice or conduct a hearing (see CPLR 4313; U.S. Bank Trust, N.A. v Bank of Am., N.A., 201 AD3d 769, 771). The defendant was not prejudiced by the referee's failure to hold a hearing since, in opposing the plaintiff's motion, inter alia, for a judgment of foreclosure and sale, the defendant had an opportunity to raise questions and submit evidence directly to the Supreme Court, which evidence could be considered by the court in determining whether to confirm the referee's report (see U.S. Bank Trust, N.A. v Bank of Am., N.A., 201 AD3d at 772).
The defendant's remaining contention is without merit.
CONNOLLY, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court