JPMorgan Chase Bank N.A. v Nehorayoff (2024 NY Slip Op 00066)

JPMorgan Chase Bank N.A. v Nehorayoff

2024 NY Slip Op 00066

Decided on January 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2019-08534
2019-13076
 (Index No. 66892/16)

[*1]JPMorgan Chase Bank National Association, respondent, 
v
Mariana Nehorayoff, etc., et al., appellants, et al., defendants.

Carl E. Person, New York, NY, for appellants.
Bradford Edward & Varlack LLP, New York, NY (Denver G. Edwards of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Mariana Nehorayoff and Andre Nehorayoff appeal from (1) an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated June 3, 2019, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered October 17, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against those defendants and for an order of reference, and denied those defendants' cross-motion to vacate an order of the same court dated January 15, 2019, inter alia, granting the plaintiff's motion pursuant to CPLR 3126 to strike those defendants' amended answer, and to dismiss the complaint insofar as asserted against them for failure to comply with RPAPL 1304 and a notice of default provision in the mortgage agreement and as time-barred. The order and judgment of foreclosure and sale, insofar as appealed from, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order dated June 3, 2019, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order dated June 3, 2019, are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
On December 6, 2007, the defendants Mariana Nehorayoff and Andre Nehorayoff (hereinafter together the defendants) executed a note in the amount of $4,225,000 in favor of nonparty Washington Mutual Bank, FA (hereinafter WaMu). The note was secured by a mortgage on certain real property located in Westchester County.
In November 2016, the plaintiff, WaMu's successor in interest, commenced this action to foreclose the mortgage against the defendants, among others. The defendants interposed an amended answer on January 24, 2017.
The plaintiff served its first set of interrogatories on the defendants on July 21, 2017. The defendants failed to respond. The plaintiff served a notice of deposition on the defendants on October 27, 2017, and after the defendants failed to appear, served a second notice of deposition on December 7, 2017. The defendants again failed to appear.
On January 25, 2018, the plaintiff moved pursuant to CPLR 3126 to strike the defendants' amended answer on the ground that the defendants had failed to comply with its discovery demands. On May 1, 2018, the defendants moved for leave to file late opposition to the motion and to supplement the record. In an order dated June 29, 2018, the Supreme Court denied the defendants' motion and granted the plaintiff's motion to the extent of directing the defendants to respond to the plaintiff's discovery demands and appear for depositions within 20 days.
On August 28, 2018, the plaintiff again moved pursuant to CPLR 3126 to strike the defendants' amended answer on the ground that the defendants failed to comply with the order dated June 29, 2018. The defendants did not oppose the motion, and it was marked fully submitted on September 21, 2018. On October 8, 2018, the defendants served their responses to the plaintiff's first set of interrogatories. On October 9, 2018, the defendants moved for leave to file late opposition to the plaintiff's motion and to supplement the record. In an order dated January 15, 2019, the Supreme Court granted the plaintiff's motion and denied the defendants' motion.
On March 19, 2019, the plaintiff moved for leave to enter a default judgment against the defendants and for an order of reference. The defendants cross-moved to vacate the order dated January 15, 2019, and to dismiss the complaint insofar as asserted against them for failure to comply with RPAPL 1304 and a notice of default provision in the mortgage agreement and as time-barred. The defendants contended that they cured their default by providing certain documents to the plaintiff on November 7, 2018, and by attempting to schedule their depositions on that date. In an order dated June 3, 2019, the Supreme Court granted the plaintiff's motion and denied the defendants' cross-motion.
The plaintiff then moved to confirm a referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale entered October 17, 2019, the Supreme Court, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. The defendants appeal.
In support of their cross-motion, the defendants failed to establish that they had a potentially meritorious opposition to the plaintiff's motion to strike the defendants' amended answer (see Wade v Cojab, 219 AD3d 668, 669-670; Soto v Chelsea W26, LLC, 166 AD3d 1048, 1050). "The determination [of] whether to strike a pleading or to preclude evidence for failure to comply with court-ordered disclosure lies within the sound discretion of the court" (Palmieri v Piano Exch., Inc., 124 AD3d 611, 612; see CPLR 3126; Kiernan v Booth Mem. Med. Ctr., 175 AD3d 1398, 1399). "Although public policy strongly favors that actions be resolved on the merits when possible, a court may resort to the drastic remedies of striking a pleading or precluding evidence upon a clear showing that a party's failure to comply with a disclosure order was the result of willful and contumacious conduct" (L.K. v City of New York, 210 AD3d 753, 753 [internal quotation marks omitted]). "The willful and contumacious character of a party's conduct can be inferred from either the repeated failure to respond to demands or comply with discovery orders, without demonstrating a reasonable excuse for these failures, or the failure to comply with court-ordered discovery over an extended period of time" (id. at 754 [internal quotation marks omitted]; see C.K. v City of New York, 216 AD3d 753, 756-757).
Here, the defendants' willful and contumacious conduct can be inferred from their repeated failures to comply with the plaintiff's discovery demands, their failure to comply with the order directing them to comply with those discovery demands within 20 days, their failure to timely oppose either of the plaintiff's motions to strike their amended answer, and their failure to offer any excuse for their noncompliance (see C.K. v City of New York, 216 AD3d at 756-757; L.K. v City of [*2]New York, 210 AD3d at 754; Montgomery v City of New York, 296 AD2d 386, 386-387).
The defendants' contentions that the plaintiff failed to comply with RPAPL 1304 and the notice of default provision in the mortgage agreement and that this action is time-barred are nonjurisdictional defenses, and thus, these contentions are precluded by their default (see Ditech Fin., LLC v Howell, 201 AD3d 786, 788; Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1026).
The defendants' remaining contention is without merit.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants and for an order of reference and denied the defendants' cross-motion to vacate the order dated June 3, 2019, and to dismiss the complaint insofar as asserted against them.
CONNOLLY, J.P., MALTESE, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court