Feifei Gu v Yao Wen Lei (2025 NY Slip Op 05940)

Feifei Gu v Yao Wen Lei

2025 NY Slip Op 05940

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-04201
 (Index No. 521053/22)

[*1]Feifei Gu, appellant, et al., plaintiff,
v
Yao Wen Lei, et al., respondents.

Feifei Gu, Brooklyn, NY, appellant pro se.
Steven T. Gee, P.C., New York, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for malicious prosecution, the plaintiff Feifei Gu appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated March 20, 2024. The order denied the motion of the plaintiff Feifei Gu, among other things, in effect, pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated September 6, 2023, inter alia, granting the defendants' cross-motion pursuant to CPLR 3126(3) to strike the complaint upon the plaintiffs' failure to appear on the return date of that cross-motion.
ORDERED that the order dated March 20, 2024, is affirmed, with costs.
"A party seeking to vacate a default in appearing on the return date of a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action or defense" (U.S. Bank Trust, N.A. v Aulder, 219 AD3d 666, 667 [internal quotation marks omitted]; see CPLR 5015[a][1]; Bank of Am., N.A. v Russell, 197 AD3d 448, 448). "The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion" (U.S. Bank Trust, N.A. v Aulder, 219 AD3d at 667; see Wade v Cojab, 219 AD3d 668, 669).
Here, the Supreme Court providently exercised its discretion in rejecting the proffered excuse of the plaintiff Feifei Gu for failing to appear on the return date of the plaintiffs' motion, inter alia, to compel certain discovery and the defendants' cross-motion pursuant to CPLR 3126(3) to strike the complaint (see Wade v Cojab, 219 AD3d at 669; Bank of Am., N.A. v Russell, 197 AD3d at 448; Thomas v Avalon Gardens Rehabilitation & Health Care Ctr., 107 AD3d 694, 695). Because Feifei Gu failed to demonstrate a reasonable excuse for failing to appear on the return date, it is unnecessary to determine whether she demonstrated a potentially meritorious opposition to the cross-motion (see U.S. Bank Trust, N.A. v Aulder, 219 AD3d at 667-668).
In any event, even assuming, arguendo, that there was a reasonable excuse for Feifei Gu's default in appearing on the return date, Feifei Gu failed to establish a potentially meritorious opposition to the defendants' cross-motion pursuant to CPLR 3126(3) to strike the complaint (see Wade v Cojab, 219 AD3d at 669-670; Thomas v Avalon Gardens Rehabilitation & Health Care Ctr., 107 AD3d at 695).
In light of the foregoing, we need not reach Feifei Gu's remaining contention.
Accordingly, the Supreme Court correctly denied Feifei Gu's motion, among other things, in effect, pursuant to CPLR 5015(a)(1) to vacate an order dated September 6, 2023, inter alia, granting the defendants' cross-motion pursuant to CPLR 3126(3) to strike the complaint.
IANNACCI, J.P., CHAMBERS, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court